**UNITED STATES of America, Appellee,**

v.

**Steven W. WHITFIELD, Appellant.**

**No. 89–2279EM.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided July 3, 1990.

---

R. Thomas Day, St. Louis, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Steven W. Whitfield appeals his conviction as a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1) (Supp. IV 1986). Whitfield claims the district court improperly admitted evidence obtained through an illegal search and evidence of his previous convictions. Whitfield also claims his sentence was improperly enhanced under 18 U.S.C. § 924(e) (Supp. IV 1986). We affirm Whitfield's conviction, but remand for resentencing.

Two police officers stopped a car after the driver ignored a stop signal. Whitfield was a passenger in the car. The police arrested the driver, who did not have a valid driver's license. When Whitfield stepped out of the car, the officers saw he was wearing a bulletproof vest. One officer noticed a suspicious bulge under Whitfield's vest and promptly conducted a pat down search. Whitfield was carrying a loaded revolver in his chest pocket.

Whitfield first argues the district court committed error in denying his motion to suppress the revolver, ammunition, and bulletproof vest as illegally seized evidence. This argument is without merit. An officer may conduct a pat down search for self-protection during an arrest, including a search of the arrestee's companion. *Terry v. Ohio*, 392 U.S. 1, 27, 30, 88 S.Ct. 1868, 1883, 1884, 20 L.Ed.2d 889, 909, 911 (1968); *United States v. Flett*, 806 F.2d 823, 826–27 (8th Cir.1986). The officer was justified in patting down Whitfield for weapons when the officer saw Whitfield's

bulletproof vest with a gun-like bulge underneath.

■ Whitfield also argues he was prejudiced at trial because the government refused Whitfield's offer to stipulate that "he had been convicted of [felony] crimes." This argument is foreclosed by our well-established rule that "the government is not required to accept a defendant's stipulation to [ ] prior felony conviction[s] in lieu of proof of [those] conviction[s]." *United States v. Blade*, 811 F.2d 461, 466 (8th Cir.), *cert. denied*, 484 U.S. 839, 108 S.Ct. 124, 98 L.Ed.2d 82 (1987).

■ Whitfield finally argues his sentence was improperly enhanced. We agree. Under section 924(e), a felon in possession of a firearm who has three previous convictions for either violent felonies or serious drug offenses must be imprisoned for at least fifteen years. Whitfield does not dispute his robbery conviction is a violent felony under section 924(e)(2)(B). Whitfield asserts, however, that his remaining three convictions do not provide a proper basis for enhancement.

Whitfield claims his burglary conviction under Mo. Rev. Stat. § 569.170 (1984) is not a violent felony. We disagree. In applying section 924(e), we initially look to the statutory definition of the earlier offense. *Taylor v. United States*, — U.S. —, —, 110 S.Ct. 2143, 2159–60, 109 L.Ed.2d 607, 628–29 (1990). Because section 569.-170 contains the "basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," Whitfield's burglary conviction is a violent felony for purposes of enhancement. *Id.*

Whitfield also claims his conviction of carrying a concealed weapon under Mo. Rev. Stat. § 571.030(1) (1985) is not a violent felony. We agree. Although carrying an illegal weapon may involve a continuing risk to others, the harm is not so immediate as to "present[ ] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *see also United States v. Johnson*, 704 F.Supp. 1403, 1407 (E.D. Mich.1989) (carrying a concealed weapon is

not a violent felony), *aff'd per curiam*, 900 F.2d 260 (6th Cir.1990).

Whitfield also pleaded guilty to possession of heroin under Mo. Rev. Stat. § 195.020 (1986) (repealed 1989). Whitfield claims simple possession of heroin is not a serious drug offense under section 924(e)(2)(A)(ii), and the district court improperly permitted the arresting officer to testify about Whitfield's underlying conduct at the sentencing hearing. Again, we agree. "[Section] 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, — U.S. at —, 110 S.Ct. at 2159, 109 L.Ed.2d at 628.

The relevant Missouri drug statute includes manufacture and distribution, as well as simple possession, in its list of prohibited acts. *See* Mo. Rev. Stat. § 195.020. Because Whitfield's precise conviction is not clear on the face of the statute, we must refer to the charging information to determine whether Whitfield's drug conviction can be used for enhancement. *See Taylor*, — U.S. at —, 110 S.Ct. at 2158–61, 109 L.Ed.2d at 628–29. The information shows Whitfield "knowingly possessed or had under his control[ ] ... heroin, a controlled substance." Because section 924(e)(2)(A)(ii) defines a serious drug offense as one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," Whitfield's simple possession conviction is not a serious drug offense for purposes of enhancement.

Only two of Whitfield's four felony convictions may be used for enhancement purposes, and thus Whitfield must be resentenced. Although we remand the case to the district court for resentencing, we affirm Whitfield's conviction.