**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alonzo HALL, Sedrick Latroy McKinney,**
**Defendants–Appellants.**

No. 93–3538.

United States Court of Appeals,
Eleventh Circuit.

March 13, 1996.

---

Lewis Garlisi, Tampa, FL, for Sedrick Latroy McKinney.

Kevin J. Darken, Tamra Phipps, Peggy M. Ronca, Asst. U.S. Attys., Tampa, FL, for appellee.

Before EDMONDSON and COX, Circuit Judges, and FAY, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Alonzo Hall and Sedrick McKinney appeal their convictions and sentences for felon in possession of a firearm and ammunition.

In 1992, Hall and McKinney were with a group of people outside a nightclub when McKinney's sister began to fight with her boyfriend. McKinney told Hall to hand him a gun. Hall handed McKinney a semi-automatic weapon. McKinney then shot the boyfriend. Each Defendant was charged with possession of a firearm as a convicted felon in violation of 18 U.S.C. § 2 and § 922(g) (first count) and possession of a quantity of ammunition as a convicted felon in violation of 18 U.S.C. § 2 and § 922(g) (second count).

The jury convicted Defendants. Hall was sentenced to 120 months for the first count and ten months for the second count to be served consecutively and was ordered to pay $100 in special assessments. The district court classified McKinney as an armed career criminal and sentenced him to 262 months on each count to be served concurrently and ordered him to pay $100 in special assessments.

*Judicial Limits on Closing Argument*

■ Hall claims the district court improperly limited his closing argument. The district court has broad discretion over closing argument and will be reversed only if counsel is prevented from making all legal arguments supported by the facts. *United States v. Gaines,* 690 F.2d 849, 858 (11th Cir.1982).

■ A review of the record reveals that the district court impermissibly restricted defense counsel's closing argument. Hall's counsel first set out to explain some general principles of law, but the district court commanded him to proceed to a discussion of the facts. Hall's counsel complied with the order and moved on to stress the inconsistent testimony of the only two government witnesses—Robert Bridges and Pete McIntyre—who implicated Hall. In concluding, Hall's counsel sought to speak of and to apply the accepted definition of reasonable doubt to the inconsistent testimony of the two witnesses; again counsel was completely blocked.[1]

---

1. The following exchange occurred between Hall's counsel and the district court:

COUNSEL: Now, in this criminal case, as in every criminal case in the United States of America there are certain guiding principles. We don't repeat these principles for you and go through them because we want to just be able to list them for you. We highlight them and we review them and the Judge will have most of them in your instructions because they are traditional American values. They are what makes our criminal system the best.

THE COURT: Mr. Weisbrod, what I want you to do is get to the facts and the evidence. You are usurping so far the role of the Court. I will instruct the jury.

COUNSEL: Your Honor, I was going to—

THE COURT: What I want you to do now is to start talking about the facts of the case.

COUNSEL: I will move on, Your Honor. That's not a problem.

And later:

COUNSEL: This, ladies and gentlemen, is the case. It's the two people that the government relies upon to prove beyond a reasonable doubt that Mr. Hall participated in this offense.

■ For arguing points of law, we have held that counsel is confined to law that is included in the judge's charge to the jury. *See United States v. Trujillo,* 714 F.2d 102, 106 (11th Cir.1983). Implicit in this rule is that counsel is allowed to point out legal concepts that will be included in the jury charge. Hall's counsel was permitted to develop fully the factual inconsistencies in Bridge's and McIntyre's testimony. But, by refusing to allow Hall's counsel to apply the accepted definition of reasonable doubt—a term which was included in the judge's charge to the jury—to those inconsistencies, Hall's counsel was denied the opportunity to make strongly the essential point that the inconsistencies raised reasonable doubt.

Hall's counsel was entitled to speak to the jurors some about the concept of reasonable doubt. The district court abused its discretion in limiting Hall's counsel too much as counsel delivered his closing argument. We reverse Hall's conviction and remand for new trial in accordance with this opinion.

### Armed Career Criminal Status

McKinney claims that his conviction for carrying a concealed firearm was improperly used to classify him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[2] McKinney argues that, because *possession* of a firearm by a convicted felon is not a violent felony under the ACCA, *see United States v. Oliver,* 20 F.3d 415, 418 (11th Cir.1994), the *carrying* of a firearm is also no violent felony

under the ACCA. McKinney relies on *United States v. Whitfield,* 907 F.2d 798, 800 (8th Cir.1990), which held that carrying a concealed weapon is no violent felony under the ACCA.

The government argues that the crime of possession of a firearm by a felon differs significantly from the crime of carrying a concealed weapon. The government says "felon in possession" is criminal just because of the felon's status: mere possession of a firearm by a felon—even an unloaded weapon stored in the felon's basement—can be criminal. But carrying a concealed weapon is an active conduct crime: the danger of carrying a concealed weapon extends beyond mere possession—the person has taken the extra step of having the weapon immediately accessible for use on another. So, the government claims that this act of readiness makes carrying a concealed weapon a violent felony.

■ Violent felony under the ACCA includes an act of juvenile delinquency involving the *use* or *carrying* of a firearm, punishable for a term exceeding one year[3] if committed by an adult, involving conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). (The pertinent language of the ACCA does not include simple *possession* of a firearm). Carrying a concealed weapon is conduct that poses serious potential risk of physical injury and, so, falls under the definition of violent felony. The

---

Now, proof beyond a reasonable doubt is proof of such a character—
THE COURT: No, no, no.
COUNSEL: You will not allow that, Your Honor?
THE COURT: No.
COUNSEL: I will pass. His Honor will instruct you on proof beyond a reasonable doubt....
Hall's counsel objected for the record to the district court's limitation of his closing argument the next day at a hearing in chambers held immediately before the judge charged the jury.

**2.** Under section 924(e)(2)(B) of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a violent felony is

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a

firearm ... that would be punishable by imprisonment for such term if committed by an adult, that

 (i) has as an element the use, attempted use or threatened use of physical force against the person of another; or

 (ii) ... involves conduct that presents a serious potential risk of physical injury to another; ...

The district court classified McKinney as an armed career criminal based on his convictions for (1) attempted manslaughter with a firearm, robbery and shooting into an occupied vehicle; (2) delivery of cocaine; and (3) a juvenile adjudication for carrying a concealed firearm. McKinney challenges only the juvenile adjudication.

**3.** Under Florida law, carrying a concealed weapon is a third degree felony, punishable by a term of imprisonment not exceeding five years. Fla. Stat. §§ 790.01 and 775.082.

district court did not err in using McKinney's conviction for carrying a concealed weapon to enhance his sentence under the ACCA.[4]

*Separate Convictions and Sentences*

 McKinney challenges his separate convictions and sentences for felon in possession of a firearm and felon in possession of ammunition.[5] Substantial precedent from other circuits supports the view that the simultaneous possession of a firearm and ammunition should be punished as one offense. *See United States v. Berry,* 977 F.2d 915, 919 (5th Cir.1992) (multiple convictions and sentences for simultaneous possession and ammunition not allowed); *United States v. Throneburg,* 921 F.2d 654, 656–57 (6th Cir. 1990) (government may prosecute for simultaneous possession of firearm and ammunition but convictions on separate counts merge at sentencing); *United States v. Pelusio,* 725 F.2d 161, 168 (2nd Cir.1983) (receipt of gun and ammunition in violation of 18 U.S.C. § 922(h) are not separate crimes unless they are received on separate occasions). And, the government confesses that the dis-

trict court erred by sentencing McKinney separately for each count.[6]

Having given consideration to the merits on our own, we accept the confession of error. While McKinney's convictions are affirmed, we vacate McKinney's sentence and remand for resentencing.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

COX, Circuit Judge, concurring in part and dissenting in part:

I join the court's opinion except for the holding that McKinney's juvenile adjudication for carrying a concealed weapon in violation of Florida law constitutes a violent felony under 18 U.S.C. § 924(e). I respectfully dissent from that holding.

The majority concludes that carrying a concealed weapon is conduct that "presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). Our court concluded in *United States v. Oliver,* 20 F.3d 415 (11th Cir.1994), that "possession of a firearm by a convicted felon does

---

**4.** A substantial difference—in terms of the likelihood of immediate violence flowing from the crime—exists between the offense of carrying a concealed weapon and the offense of possessing a weapon as a convicted felon.

In Florida (the pertinent state of conviction), carrying a concealed weapon requires the weapon to be (1) on or about the person, and (2) hidden from the ordinary sight of another person. Fla.Stat. § 790.01. *See Ensor v. State,* 403 So.2d 349, 354 (Fla.1981) ("on or about the person" means "physically on the person or readily accessible to him"); *Bailey v. State,* 442 So.2d 385, 386 (Fla.App.1983) ("on or about the person" means "close proximity to him within his easy reach").

In contrast, felon in possession requires that the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce, 18 U.S.C. § 922(g)(1). Possession may be actual or constructive. *See U.S. v. Sweeting,* 933 F.2d 962, 965 (11th Cir.1991). Most important on the matter of imminent violence, the firearm—for simple possession—need not be found on or about the defendant. *See U.S. v. Winchester,* 916 F.2d 601, 603–04 (11th Cir.1990) (firearm found at defendant's home in travel bag behind couch when defendant not home sufficient for conviction under 18 U.S.C. § 922(g)); *U.S. v. Billue,* 994 F.2d 1562, 1565 (11th Cir.1993) (defendant's signature and thumbprint on pawnshop ticket evi-

dencing sale of firearm sufficient for conviction under 18 U.S.C. § 922(g)); *U.S. v. Nelson,* 984 F.2d 894, 898 (8th Cir.1993) (shotgun found under defendant's bed during defendant's absence from home sufficient for conviction under 18 U.S.C. § 922(g)).

**5.** McKinney claims that convictions and sentences for both felon in possession of a firearm and felon in possession of ammunition during the same occurrence violate the Double Jeopardy Clause. We find the real issue to be one of statutory construction: how the simultaneous possession of a firearm and ammunition is to be treated under 18 U.S.C. § 922(g)(1).

**6.** Because McKinney did not object to the separate charges in the indictment before trial, he is barred from challenging his convictions and may challenge only his sentences. *See United States v. Grinkiewicz,* 873 F.2d 253, 255 (11th Cir.1989) (failure to object to indictment before trial precludes objection to multiple convictions but not objection to multiple sentences).

That McKinney's sentences are to run concurrently does not bar review of this issue. *See United States v. Mastrangelo,* 733 F.2d 793, 800 (11th Cir.1984) (reviewing defendant's claim that district court improperly imposed multiple sentences even though defendant's sentences were to run concurrently).

not rise to the level of conduct presenting a serious potential risk of physical injury." *Id.* at 417–18 (citing cases from several other circuits as persuasive). The *Oliver* court relied on the language of § 924(e)(2)(B)(ii), which includes as violent felonies "burglary, arson, or extortion, [and any crime that] involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The court noted that the specifically enumerated offenses "each manifest affirmative, overt and active conduct in which the danger posed to others extends beyond the mere possession of a weapon, and is far more threatening in an immediate sense." *Oliver,* 20 F.3d at 418.

Carrying a concealed weapon, without more, is not, under *Oliver*'s analysis, different from illegal possession of a weapon. We look to the statutory elements of the offense in question rather than to the facts of McKinney's case. McKinney's adjudication did not require proof that he intended to employ a concealed weapon for violent purposes. *See United States v. Johnson,* 953 F.2d 110, 115 (4th Cir.1991) (refusing to interpret statistical threat presented by felon in possession of firearm as evidence of specific intent of defendant).

Other courts that have addressed the issue have concluded that carrying a concealed weapon is not a violent felony. *United States v. Whitfield,* 907 F.2d 798, 800 (8th Cir.1990); *United States v. Johnson,* 704 F.Supp. 1403, 1407 (E.D.Mich.1989). I agree. Because I conclude that carrying a concealed weapon in violation of Florida law is not a violent felony under § 924(e), I would hold that the district court erred in finding McKinney to be an armed career criminal and enhancing his sentence on that basis.