[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2006
THOMAS K. KAHN
CLERK

No. 05-14931
Non-Argument Calendar

_____

D. C. Docket No. 05-00030-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH BRADLEY MURPHY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 12, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Joseph Bradley Murphy, Jr., appeals his conviction and 180 month sentence

stemming from his guilty plea for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(e). He argued that § 922(g) is unconstitutional, that the district court misapplied federal law to label a prior conviction a crime of violence, and that the district court impermissibly delegated judicial powers to a probation officer. Murphy acknowledges that each of these arguments presented on appeal is controlled by our prior decisions. We AFFIRM.

## I. BACKGROUND

A grand jury charged Murphy with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e). Murphy pled guilty pursuant to a plea agreement in which he reserved the right to appeal any sentence imposed. According to the stipulated facts, in February 2005, an officer responded to a call suggesting a possible drug violation involving a green car parked at an apartment complex. Murphy told the officer that he had come out to the car to get a pair of shoes, but when the officer looked through the car's window, he saw a plastic baggie containing what appeared to be marijuana. The officer arrested Murphy for possession of marijuana. Upon searching the car, the officer detected the smell of burned marijuana and found a handgun in the front driver's side door, an ecstacy pill, and a scalpel with cocaine on it.

Regarding past criminal activity, Murphy conceded that he had been convicted in Florida of: (1) two instances of possession of a controlled substance; (2) possession with intent to sell a controlled substance; (3) sale of cocaine; and (4) battery on a law enforcement officer. Murphy conceded that his civil right to possess a firearm had not been restored, and the gun found in his car had traveled in interstate and foreign commerce.

Murphy objected to, among other things, the classification of his prior offense of carrying a concealed firearm as a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), codified in relevant part at 18 U.S.C. § 924(e)(1). During the sentencing hearing, he asserted that the underlying facts of the offense were that he had a handgun in his sock and that he never displayed, used, or presented the gun in a dangerous manner. The government argued that a prior conviction for carrying a concealed firearm is, under the Florida statute, a "violent felony" and that the district court could not look to the underlying facts of the offense. Murphy asked the court to consider out-of-circuit authority in support of his argument; however, the court indicated that the well-settled rule of this circuit regards a prior conviction for carrying a concealed weapon as a violent felony under the ACCA.

The court sentenced Murphy to 180 months imprisonment. Additionally, the

3

court imposed a five-year term of supervised release, which included "standard condition 13." The condition stated that "[a]s directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement." R1-24 at 4. Murphy did not object to the imposition of standard condition 13 before the district court.

On appeal, Murphy has raised three issues for our consideration. First, he argues that § 922(g)(1) violates the Commerce Clause. Second, he argues that district court should have looked beyond the language of the Florida statute to determine whether his prior conviction was a violent felony for purposes of the ACCA. Finally, he argues that standard condition 13 impermissibly delegates judicial power to the probation office.

## II. DISCUSSION

Murphy concedes that the binding law of this circuit dictates the result in each of his three issues. We note from the outset that "[o]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004) (quotations and citations

4

omitted).  We usually review constitutional issues <u>de novo</u>; however, because Murphy raises his constitutional challenge to § 922(g) for the first time on appeal, we have the discretion regarding whether to address the issue.  <u>Id.</u>  Despite his failure to raise his constitutional argument below, we will consider his arguments on appeal.  "We review the terms of a supervised release for abuse of discretion, but where the defendant fails to object at the district court, we reverse only for plain error."  <u>United States v. Nash</u>, 438 F.3d 1302, 1304 (11th Cir. 2006) (per curiam).  We address Murphy's issues in the subsequent sections.

A.  <u>Commerce Clause and § 922(g)(1)</u>

Murphy asserts that we should revisit the issue of whether § 922(g)(1) violates the Commerce Clause because our current precedent cannot be harmonized with recent Supreme Court analyses.  He argues that the only source for federal jurisdiction over felon-in-possession cases is the inclusion of the phrase "in or affecting commerce" in the statute, and it is now firmly established that the Commerce Clause cannot be used to federalize criminal behavior that is typically the subject of state prosecution.  He contends that, in light of the combined effect of <u>United States v. Lopez</u>, 514 U.S. 549, 115 S. Ct. 1624 (1995), <u>United States v. Morrison</u>, 529 U.S. 598, 120 S. Ct. 1740 (2000), <u>Jones v. United States</u>, 529 U.S.

848, 120 S. Ct. 1904 (2000), and Gonzales v. Raich, 545 U.S. 1, 125 S. Ct. 2195 (2005), it is unclear how courts should analyze § 922(g)(1). He concedes that he did not object to the statute but asserts that there is reversible plain error.

The Commerce Clause provides that "Congress shall have the power . . . [t]o regulate Commerce with foreign Nations, and among the several [s]tates." U.S. Const. art. 1, § 8. It is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment" for more than one year "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). We have previously upheld the constitutionality of § 922(g)(1) in light of Lopez, Jones, and Morrison. See Wright, 392 F.3d at 1280. The Supreme Court's decision in Raich, which is the only intervening Commerce Clause case, does not alter our decision.[1] As a result, § 922(g)(1) remains a constitutional exercise of Congress's legislative power, and we affirm Murphy's conviction pursuant to it.

---

[1] Murphy presents no substantive argument that Raich changes the Commerce Clause analysis for purposes of his challenge. In fact, Raich dealt with the issue of whether solely intrastate regulation of a federally controlled substance could be governed by state law in the face of a contrary federal statute and did not address whether "any provision or section of the [Controlled Substances Act] amounts to an unconstitutional exercise of congressional authority." Raich, 545 U.S. at __, 125 S. Ct. at 2204–05. Thus, Raich does not provide any new guidance that would help us conclude that § 922(g) is unconstitutional.

6

B.  Whether a Prior Conviction for Carrying a Concealed Firearm Is a Violent Felony Under the ACCA

Murphy next argues that we should reconsider our prior decisions to the extent that they indicate that carrying a concealed firearm under Florida law is per se a "violent felony" under the ACCA.  He asserts that, similar to the Florida crime of driving under the influence, carrying a concealed firearm is not per se a "violent felony."  He contends that the facts of the underlying offense should be considered in determining whether it was a "violent felony," and in light of Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), the district court can look beyond the surface of the statutory definition.

The ACCA provides that any person who violates 18 U.S.C. § 922(g) and has three previous convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another," shall be imprisoned not less than 15 years.  18 U.S.C. § 924(e)(1).  The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or (ii) is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."
Id. § 924(e)(2)(B).  We have determined that "[c]arrying a concealed weapon is

7

conduct that poses serious potential risk of physical injury." United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996).

Based our decision in Hall, the district court did not err in finding that Murphy's prior conviction for carrying a concealed firearm was a "violent felony" for purposes of the ACCA. While Shepard establishes the types of evidence a court may consider when determining whether an offense constitutes a "violent felony" when it is unclear from the face of the statute, we have held that the nature of this offense is clear from the statute at issue in this appeal. See Hall, 77 F.3d at 401. As a result, the district court correctly applied circuit law.

C. Standard Condition 13

Murphy argues that standard condition 13 of his supervised release is an unconstitutional delegation of judicial powers to the probation officer. He asserts that although it is unclear whether the court intended to give the probation officer as much authority as it did with regard to the condition, the wording of the condition, when compared to that of the other conditions, reveals that standard condition 13 is unlike the other conditions in that it gives the probation officer a broad range of discretion. Murphy contends that the condition either unconstitutionally delegates authority to the probation officer or that the delegation

8

is ambiguous, in which case the rule of lenity applies in his favor.

Because Murphy did not object to the condition at the district court, we review for plain error. "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Nash, 438 F.3d at 1304 (quotations and citations omitted). "If these three criteria are met, we may reverse for plain error if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id.

"To determine if a court improperly delegated the judicial authority of sentencing, we have drawn a distinction between the delegation to a probation officer of a 'ministerial act or support service' and 'the ultimate responsibility' of imposing the sentence." Id. at 1304–05. "Where the court makes the determination of <u>whether</u> a defendant must abide by a condition . . . it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." Id. at 1305. In Nash, we considered a condition with identical language to that which Murphy now challenges and determined that the condition did not improperly delegate a judicial function to the probation officer. Id. at 1306. As a result, the condition is not an improper delegation of judicial function and there was no error, much less plain error.

9

### III. CONCLUSION

Murphy appealed his conviction and 180 month sentence stemming from his guilty plea for possession of a firearm by a convicted felon. He argued that § 922(g) is unconstitutional, that the district court misapplied federal law to label a prior conviction a violent felony, and that the district court impermissibly delegated judicial powers to a probation officer. Each of these arguments is controlled by our prior decisions. **AFFIRMED**.