[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11680
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 27, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00520-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC ALEJANDRO MAYSONET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 27, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Eric Alejandro Maysonet appeals his 188-month sentence imposed after he

pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e) and was sentenced as an armed career criminal pursuant to U.S.S.G. § 4B1.4.  We AFFIRM.

## I.  BACKGROUND

On 11 September 2005 Maysonet, a convicted felon, attempted to rob a convenience store with a Smith and Wesson .44 magnum revolver.  His attempt was thwarted by the store clerk.  Maysonet was arrested at the scene of the crime.

Following the failed robbery attempt, Maysonet was charged in the Middle District of Florida with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Subsequent to the initial complaint, the government filed a single-count information charging Maysonet not only with violating 18 U.S.C. § 924(g), but also with having three prior felony convictions in violation of § 924(e).[1]  Because of these prior felonies, the information charged Maysonet under 18 U.S.C. § 924(e)(1), requiring that a person with more than three previous violent felony convictions be imprisoned for a minimum of fifteen years.

---

[1]The information identified the three felony convictions:  (1) a conviction in 2002 for being felon in possession of a firearm and carrying a concealed firearm; (2) a conviction in 2004 for the aggravated battery of a pregnant woman; and (3) convictions in 2004 for, among others, grand theft of a motor vehicle, battery on a law enforcement officer, obstructing or opposing a law enforcement officer with violence, and burglary and trespass of a conveyance.  Although the date of the first felony conviction is stated in the information as 1987, the correct date is stated in the Presentence Investigation Report as 2002, and Maysonet has not disputed any of his prior felony convictions.

Maysonet pled guilty to the charges contained in the information.

In the Presentence Investigation Report ("PSI"), the probation officer recommended that Maysonet receive an enhanced sentence pursuant to the "Armed Career Criminal Act" ("ACCA"), § 924(e), and U.S.S.G. § 4B1.4 (Nov. 2005). Under the Sentencing Guidelines, the offense level for an armed career criminal is 34 if the defendant used or possessed the firearm in connection with a "crime of violence." § 4B1.4(b)(3)(A). Because of applicable enhancements, the probation officer recommended that his offense level be increased from 28 to 34. After a reduction of three levels for Maysonet's accepting responsibility and assisting the investigating authorities, the probation officer concluded that Maysonet's adjusted offense level was 31 and his criminal history category was VI; this resulted in a guideline range of 188-235 months of imprisonment, with a statutory mandatory minimum sentence of fifteen years (180 months).

Maysonet objected to the application of § 924(e) to enhance his sentence. His objection focused on the first predicate conviction in 2002, for carrying a concealed firearm, which he contended did not constitute a "violent felony" under §§ 924(e)(1) and (e)(2).[2] Because he had not been convicted of three "violent

_____

[2]Maysonet had raised a similar argument before the PSI was prepared in his case. In fact, as early as his plea hearing before the magistrate judge in December 2005, Maysonet argued that carrying a concealed firearm was "not a violent crime." R2 at 8.

3

felonies," Maysonet argued that an enhanced sentence as an armed career criminal would be inappropriate. At his sentencing hearing, Maysonet reiterated this objection. The district court overruled Maysonet's objections and accepted the sentencing calculation in the PSI, and sentenced Maysonet to 188 months of incarceration.

On appeal, Maysonet argues that (1) the district court erred in finding that his prior conviction for carrying a concealed firearm constituted a violent felony under § 924(e)(1); and (2) his rights under the Fifth and Sixth Amendments were violated by that determination.

## II. DISCUSSION

### A.   Carrying a Concealed Firearm as a "Violent Felony"

"The interpretation of a statute . . . is a question of law subject to de novo review." United States v. Wilk, 452 F.3d 1208, 1221 n.20 (11th Cir. 2006). In addition, "[t]he district court's interpretation of the [S]entencing [G]uidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005) (citations omitted). After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court must take into account the sentencing range prescribed by the Sentencing Guidelines. United States v. Crawford, 407 F.3d

4

1174, 1178 (11th Cir. 2005).

There is a statutory mandatory minimum sentence of fifteen years of imprisonment for a convicted felon who possesses a firearm where the individual has three previous violent felony convictions. 18 U.S.C. § 924(e)(1). "Violent felony" includes "any act of juvenile delinquency involving the use or carrying of a firearm," punishable for a term of imprisonment exceeding one year if committed by an adult,[3] where the felony "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In such a case, the defendant is sentenced as an armed career criminal. See U.S.S.G. § 4B1.4(a). The Sentencing Guidelines recommend an offense level of 34 for an armed career criminal where the defendant "used or possessed the firearm or ammunition in connection with . . . a crime of violence." U.S.S.G. § 4B1.4(b)(3). The definition of a "[c]rime of violence" under the Sentencing Guidelines is similar to the definition of "violent felony" under § 924(e)(2)(B).[4]

Maysonet's argues that the district court erred in construing his 2002 conviction for carrying a concealed weapon as a violent felony for purposes of

---

[3]Under Florida Law, carrying a concealed weapon is a third degree felony, punishable by a term of imprisonment not exceeding five years. Fla. Stat. §§ 790.01 and 775.082(3)(d).

[4]Under the Sentencing Guidelines, a "crime of violence" is likewise defined to include felonies involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

activating the statutory mandatory minimum sentence. This argument is clearly at odds with our opinions in United States v. Hall, 77 F.3d 398 (11th Cir. 1996) and United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998) (per curiam).

In Hall, a defendant who was sentenced by the district court as an "armed career criminal" appealed his sentence and argued that he should not be subject to an enhanced sentence, since his prior conviction for carrying a concealed firearm in violation of Florida law did not constitute a violent felony under § 924(e)(1). 77 F.3d at 401. We rejected that argument and concluded that, since the act of carrying a concealed weapon did "pose a serious risk of physical injury," it fell under the definition of "violent felony" as set forth in § 924(e)(2). Id. Moreover, in Gilbert, 138 F.3d 1371 (11th Cir. 1998), we extended Hall's scope and concluded that carrying a concealed weapon also constitutes a "crime of violence" for purposes of the enhanced sentencing provisions of U.S.S.G. § 4B1.2(1). 138 F.3d at 1372. Maysonet's counsel has conceded that Hall and Gilbert dispose of this aspect of his appeal.[5] R3 at 4; Appellant's Brief at 8-9.

---

[5] Nonetheless, Maysonet attempts to argue that Hall and Gilbert have been eroded by United States v. Johnson, in which we concluded that possession of a firearm by a felon did not constitute a "crime of violence" for purposes of 18 U.S.C. § 3143(a)(2), the federal statute addressing the detention of a convicted defendant before sentencing. 399 F. 3d 1297, 1299-1300 (11th Cir. 2005) (per curiam). Johnson involved a different crime–possession of a firearm by a felon– rather than the crime of carrying a concealed firearm at issue in this case. As we made clear in Hall, carrying a concealed weapon poses a greater risk of physical injury than possession, since, by carrying a concealed weapon, "the person has taken the extra step of having the weapon immediately accessible for use on another." 77 F.3d at 401. Significantly, Johnson involved neither § 924(e) nor

6

## B. Fifth and Sixth Amendment Contentions

Maysonet argues that the district court violated his rights under the Fifth and Sixth Amendments to the Constitution when it enhanced his sentence based on a finding that his prior convictions were violent felonies, when that fact was neither charged in the information nor admitted by him. He argues that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), in which the Court held that it was unconstitutional to remove from the jury the assessment of any facts that increase the prescribed range of penalties to which a criminal defendant is exposed, prevented the district court from construing his prior conviction as a violent felony without first submitting that issue to the jury. "We review constitutional challenges to a sentence de novo." United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005). In addition, a district court's decision to classify a defendant as

_____

the Sentencing Guidelines.

Maysonet also contends that the rationale of Hall and Gilbert has been overruled by United States v. Leocal, where the Supreme Court concluded that a DUI conviction did not constitute a "crime of violence" under 18 U.S.C. § 16(b). 543 U.S. 1, 9-10, 125 S. Ct. 377, 382 (2004). In deciding what should constitute a "crime of violence" for purposes of 18 U.S.C. § 16(b), the Court in Leocal drew a distinction between those negligent acts creating only a "possibility that harm will result from a person's conduct" and more active conduct creating the risk of the "use of physical force against another." 543 U.S. at 10, 125 S. Ct. at 383. The Supreme Court reasoned that the former would not be sufficient to constitute "crimes of violence," but that the latter would meet that threshold. Id. Consequently, Leocal bolsters our ruling in Hall, in which we found that carrying a concealed weapon is "active conduct" that involves the "extra step of having the weapon immediately accessible for use on another." Hall, 77 F.3d at 401. Moreover, the statutory definition of "crime of violence" before the Court in Leocal was different from both § 924(e) and the Sentencing Guidelines, which the Court explicitly recognized. Leocal, 543 U.S. 1, 10 n.7, 125 S. Ct. 377, 383.

7

an armed career criminal for purposes of sentencing is a question of law that we review de novo.  United States v. Spears, 443 F.3d 1358, 1359 (11th Cir. 2006).

"In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."  United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004) (citation omitted).  Relying on Almendarez-Torres, we have rejected the arguments made by Maysonet relative to § 924(e)(1).  United States v. Thomas, 242 F.3d 1028, 1034-35 (11th Cir. 2001).  See also United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006) (concluding that a district court does not err in considering prior convictions for purposes of enhancing a sentence under § 924(e)(1)).

Contrary to Maysonet's argument, Apprendi expressly carved out an exception for prior convictions, making clear that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 533 U.S. at 490, 120 S. Ct. at 2362-63 (emphasis added).  We have repeatedly indicated that the rule of Almendarez-Torres was left undisturbed

8

by Apprendi and its progeny. Greer, 440 F.3d at 1274; United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Under Almendarez-Torres, it is clear that "neither the Fifth Amendment nor the Sixth Amendment prevent[s] the district court from finding the fact of [defendant]'s prior convictions, or using them" to enhance his sentence under U.S.S.G. § 4B1.4. Gibson, 434 F.3d at 1246.

Finally, Maysonet asserts that, even if Almendarez-Torres remains good law, the district court was only authorized to find the fact of his prior convictions, but not to characterize them as violent felonies or crimes of violence. Whether a prior felony conviction is a violent felony for purposes of an enhanced sentence is a question of law that can be answered by the district court. Greer, 440 F.3d at 1275; United States v. Searcy, 418 F.3d 1193, 1196-98 (11th Cir. 2005). Accordingly, the district court was obligated to determine whether Maysonet's prior convictions were violent felonies under § 924(e)(1); that issue did not need to be submitted to a jury. Thus, the district court did not violate Maysonet's Fifth or Sixth Amendment rights by enhancing his sentence based upon a finding of three prior violent felony convictions, despite the fact that the violent nature of the felonies was neither proven to a jury nor admitted by him.

### III. CONCLUSION

9

On appeal, Maysonet has challenged the district court's determination that his prior conviction for carrying a concealed firearm was a violent felony, and has argued that his Fifth and Sixth Amendment rights were violated by that determination. As we have explained, the district court did not err in finding three violent felony convictions under § 924(e)(1) and enhancing Maysonet's sentence § 4B1.4 of the Sentencing Guidelines. Accordingly, Maysonet's sentence imposed by the district court is **AFFIRMED.**