[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11517
Non-Argument Calendar

_____

D. C. Docket No. 06-00258-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUSEF LATEEF JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 21, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Yusef Lateef Jackson appeals his conviction for possession of a firearm by a

convicted felon, a violation of 18 U.S.C. § 922(g)(1). On appeal, he argues the following: (1) The traffic stop and frisk violated Jackson's Fourth Amendment rights; (2) Jackson's statements in the subsequent interrogation were made involuntarily; (3) the district court abused its discretion in the way it responded to a jury question; (4) the jury based Jackson's conviction on insufficient evidence; and (5) Jackson received ineffective assistance of counsel. We address each issue in turn.

## I. BACKGROUND

While standing in the street one afternoon, Officer Brown witnessed Jackson, a convicted felon, drive by without wearing his seatbelt. Having spoken with him on prior occasions, Brown recognized Jackson and knew he was wanted for questioning in a murder investigation. Brown pulled Jackson's car over and called for backup. Officer Debnam arrived at the scene and the officers asked Jackson to step out of the car. Debnam then frisked Jackson and felt an elongated object, found to be a bag marijuana. The officers arrested Jackson, and performed a search of his car. Officer Brown recovered a fully-loaded revolver from underneath the driver's seat. Jackson moved to suppress the evidence obtained during this search, arguing that the officers violated his Fourth Amendment rights. The district court dismissed the motion.

Back at the station, after being read his *Miranda* rights, Sergeant Izzo and Detective Hunt interviewed Jackson for nearly two hours that afternoon, questioning him about the gun and the ongoing murder investigation. When asked about the incident earlier that afternoon, Jackson stated, "the reason I had that gun ... I had it for protection... right to bear arms, you know." On the day before trial, Jackson moved to suppress these statements, claiming that they were obtained in violation of his Fifth Amendment rights. The district court dismissed the motion as untimely, as well as on its merits.

Jackson also claims that the district court improperly responded to a jury question. The parties stipulated to each element of the offense, except the scienter requirement. Accordingly, Jackson defended the merits solely on the ground that, as he was driving a former girlfriend's car and his fingerprints were not on the gun, he lacked knowledge as to the existence of the firearm. During its deliberations, the jury asked the judge a hypothetical question regarding the legal standard for "knowledge." The judge responded: "Ladies and gentlemen, you've got all of the evidence. You've got the stipulations. We're not talking about theoretical stuff. You have a question to answer. Answer it." Jackson claims this response was an abuse of discretion and that he is therefore entitled to a new trial.

Jackson further asserts the defense of ineffective assistance by his current

3

attorney. Jackson claims the district court's refusal to allow his counsel to withdraw was an abuse of discretion.

## II. DISCUSSION

A. *The Stop and Frisk*

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999) (citing *United States v. Wilson,* 894 F.2d 1245, 1254 (11th Cir. 1990)). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. *Id.* Furthermore, "all facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000) (citing *United States v. Magluta,* 44 F.3d 1530, 1536 (11th Cir. 1995)). On the other hand, the district court's application of the law to the facts is reviewed *de novo. Id.*

The Fourth Amendment protects individuals from "unreasonable searches and seizures" by government officials, and its protections extend to "brief investigatory stops of persons or vehicles." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citing *Terry v. Ohio,* 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). A decision to stop a vehicle is reasonable under the Fourth Amendment where an officer has probable cause to believe that a

4

traffic violation occurred. *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (citing *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)).

Jackson was not wearing a seatbelt, a traffic violation under Georgia law. O.C.G.A. § 40-8-76.1. Jackson argues that his failure to wear a seatbelt was a pretext for Officer Brown's allegedly illegitimate motive in stopping his car: to investigate Jackson's connection with a pending murder investigation. Pretext or not, this argument fails. As the Supreme Court emphasized in *Whren*, the constitutional reasonableness of a traffic stop does not depend on an officer's actual motivations. 517 U.S. at 813; *Miller v. Harget*, 458 F.3d 1251, 1260 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2429 (U.S. May 21, 2007) (No. 06-1258) ("It is well-settled that an officer's subjective motivations do not affect whether probable cause existed." (citing *Whren*, 517 U.S. at 813)).

Routine traffic stops are governed by the reasonable suspicion standard set forth in *Terry*. An individual may be frisked where the officer reasonably believes he poses a danger. *Terry*, 392 U.S. at 30; *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (in routine traffic stops, officers may take reasonable steps to protect their safety, including a protective search of the driver). The officers stated that Jackson was unduly sweating and glancing around nervously. Nervous

5

behavior is a "pertinent factor in determining reasonable suspicion." *United States v. Gordon*, 231 F.3d 750, 756 (11th Cir. 2001). Furthermore, Officer Brown knew that Jackson was wanted for questioning regarding a violent crime. Under the circumstances, the officers were reasonably concerned for their safety, and a frisk of Jackson was warranted.

Upon finding the marijuana and arresting Jackson, the officers had full authority to search the vehicle. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) (when an officer has made a lawful arrest of a vehicle's occupant, he may contemporaneously search the vehicle). Because the arrest was lawful, Officer Brown's search of the passenger area and recovery of the firearm from underneath the driver's seat did not violate Jackson's Fourth Amendment rights. Accordingly, the district court did not err in denying his motion to suppress.

B. *The Interrogation*

Jackson argues that the statements he made in his post-arrest interrogation were not given voluntarily. He claims that the statements should be suppressed because the officers obtained them through false representations about the benefits of participating in the interrogation. He also argues that the interrogation continued

despite his attempts to end it and that he was sleep-deprived.[1] Jackson filed a

motion to suppress this interrogation the day before trial.[2]

The standards of review for a denial of a motion to suppress are set out

above. The standard for evaluating the voluntariness of a confession is whether a

person "'made an independent and informed choice of his own free will,

possessing the capability to do so, his will not being overborne by the pressures

and circumstances swirling around him.'" *McCoy v. Newsome*, 953 F.2d 1252,

1263 (11th Cir. 1992) (per curiam) (quoting *Moore v. Dugger,* 856 F.2d 129, 132

(11th Cir. 1988)). Voluntariness is measured by the totality of the circumstances.

*Id.* We look to such factors as whether the defendant was subjected to "an

exhaustingly long interrogation," whether the interrogators applied physical force

to the defendant or threatened to do so, and whether the interrogators made

promises to induce the defendant's statements. *United States v. Thompson,* 422

F.3d 1285, 1295-96 (11th Cir. 2005), *cert. denied*, 127 S.Ct. 748 (U.S. Dec. 4,

2006) (citing *United States v. Mendoza-Cecelia,* 963 F.2d 1467, 1475 (11th Cir.

---

[1]Jackson acknowledges that after being read his *Miranda* rights, an individual must unambiguously request counsel to invoke Fifth Amendment protections. The district court only allowed into evidence the portion of his interview occurring before Jackson unequivocally invoked his right to counsel.

[2] The district court alternatively dismissed this motion as untimely. However, Jackson did not receive a copy of the videotaped interrogation until after the deadline to file pre-trial motions. Therefore, as we find the dismissal was proper on the merits, we will not address these alternative grounds.

7

1992)). On the other hand, the Supreme Court has stated that depriving a suspect of sleep during an interrogation is a significant factor in finding a confession involuntary. *Ashcraft v. Tennessee*, 322 U.S. 143, 153-54, 64 S.Ct. 921, 88 L.Ed. 1192 (1944) (finding a compelled confession where suspect was held and questioned for 36 hours without sleep).

Jackson's statements concerning the firearm were made voluntarily. First, the interrogation was not "exhaustingly long," nor was Jackson subject to sleep-deprivation: he was interviewed for less than two hours. Second, Jackson provides no evidence that the police used physical force or tricks during the interrogation. Third, during the interview, the police specifically told Jackson that they could not make him any promises. As nothing in the record supports the contention that Jackson's statements were made involuntarily, the district court did not err in denying Jackson's motion to suppress on the merits.

C. *The Judge's Response to the Jury Question*

Jackson argues that the district court abused its discretion by refusing to address the jury's hypothetical question about the legal standard for "knowledge." Jackson claims that the district court discredited his sole defense–lack of intent–by stating to the jury, "We're not talking about theoretical stuff."

We review a court's response to a jury question for an abuse of discretion.

8

*United States v. McDonald,* 935 F.2d 1212, 1222 (11th Cir. 1991).

The district court did not abuse its discretion in its response to the jury's question. The jury had copies of adequate, legally accurate instructions regarding the elements of the offense. The district court simply refused to answer a hypothetical question and instead pointed the jury to the evidence and stipulations. In light of its original detailed instructions that accurately presented the substantive law, the district court did not abuse its discretion in refusing to directly answer a jury's hypothetical question.

D. *Sufficiency of the Evidence*

We review *de novo* challenges to the sufficiency of the evidence. *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000) (per curiam) (citing *United States v. Chastain,* 198 F.3d 1338, 1351 (11th Cir. 1999)). The evidence is viewed in the light most favorable to the government, and we draw all "reasonable inferences and credibility determinations in favor of the verdict." *United States v. Simpson*, 228 F.3d 1294, 1299 (11th Cir. 2000) (citing *United States v. Toler,* 144 F.3d 1423, 1428 (11th Cir. 1998)). A guilty verdict must stand "unless no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995) (citing *United States v. Battle,* 892 F.2d 992, 998 (11th Cir. 1990)).

To establish possession of a firearm by a felon under 18 U.S.C. § 922(g)(1), the government must prove that "'the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce.'" *U.S. v. Glover,* 431 F.3d 744, 748 (11th Cir. 2005) (per curiam) (quoting *United States v. Hall,* 77 F.3d 398, 402 n.4 (11th Cir. 1996)). Jackson concedes the second and third elements and argues that there is insufficient evidence to prove that he knowingly possessed the firearm.

From the evidence, a reasonable juror could conclude beyond a reasonable doubt that Jackson knowingly possessed the firearm. Officer Brown found the gun underneath the driver's seat of a car that Jackson was driving. Furthermore, Jackson implicitly admitted possessing the firearm by stating: "the reason I had that gun ... I had it for protection... right to bear arms, you know." Viewing these facts in a light most favorable to the government, the evidence is sufficient to support Jackson's conviction.

E. *Ineffective Assistance*

Jackson, proceeding *pro se*, argues on appeal that his current counsel was ineffective. Because claims of ineffective assistance of counsel are best presented in a collateral attack via a 28 U.S.C. § 2255 motion rather than on direct appeal, we decline to consider these claims. *See Massaro v. United States,* 538 U.S. 500, 504-

05, 508, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

### III. CONCLUSION

For the above reasons, the district court properly dismissed Jackson's motions to suppress the evidence gathered during his stop and frisk, and his statements made during interrogation; the district court did not abuse its discretion in its response to a jury question; and sufficient evidence supported Jackson's conviction.

**AFFIRMED.**