[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15402
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00418-WTH-PRL


ARISTOTLE SAMPSON,

Petitioner-Appellant,

versus

FCC COLEMAN-USP I WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 6, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Aristotle Sampson, proceeding pro se, appeals the district court's dismissal

of his 28 U.S.C. § 2241 petition for lack of jurisdiction.  Sampson was sentenced

pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on two convictions for the sale of cocaine, a conviction for resisting arrest with violence, and a conviction for carrying a concealed firearm.  On appeal, Sampson argues that: (1) the district court erred in dismissing his petition for lack of jurisdiction, and (2) in light of Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), the district court erred in failing to address his claims on the merits.  After careful review, we affirm.

We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of 28 U.S.C. § 2255(e).  Bryant v. Warden, FCC Coleman Medium, 738 F.3d 1253, 1262 (11th Cir. 2013).  The applicability of the savings clause is a threshold jurisdictional issue that must be decided before the court reaches the merits of the petitioner's claims.  Id.

First, we are unpersuaded by Sampson's argument that the district court had jurisdiction to hear his § 2241 claims based on the test we set forth in Bryant.  Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).  However, the "savings clause" of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241 if the

2

petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Bryant, 738 F.3d at 1262. The petitioner bears the burden to show that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Bryant, 738 F.3d at 1262. To show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention, a petitioner challenging his sentence must satisfy a five-part test: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, our precedent squarely foreclosed the claim raised in the § 2241 petition so that the petitioner did not have a genuine procedural opportunity for review; (2) the Supreme Court overturned that binding precedent after the petitioner's first § 2255 proceeding; (3) that Supreme Court decision applies retroactively to cases on collateral review; (4) as a result of that Supreme Court decision, the petitioner's sentence exceeds the statutory maximum sentence; and (5) the savings clause of § 2255 reaches the petitioner's claim. See id. at 1274.

In Bryant, the petitioner sought to challenge his sentence based on Begay v. United States, 553 U.S. 137 (2008), which set forth a new standard to evaluate which crimes constituted violent felonies under ACCA. We held that Bryant established that his prior § 2255 motion was inadequate or ineffective to test the legality of his ACCA-enhanced sentence, and thus, that the savings clause was applicable. See Bryant, 738 F.3d at 1274-84. Applying the five-part test, we first

3

explained that our decision in United States v. Hall, 77 F.3d 398, 401-02 (11th Cir. 1996), abrogation recognized in United States v. Canty, 570 F.3d 1251 (11th Cir. 2009), previously had precluded Bryant from challenging the use of his conviction for carrying a concealed firearm as an ACCA predicate. Bryant, 738 F.3d at 1274-75. As for the second prong, the Supreme Court's ruling in Begay, as extended by our decisions in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), and Canty, overturned our prior precedent that carrying a concealed firearm constitutes a violent felony under ACCA. Bryant, 738 F.3d at 1275-76. As for the third, Begay applies retroactively to cases on collateral review. Bryant, 738 F.3d at 1276-78. As for the fourth, Bryant's sentence exceeded the statutory maximum, since he no longer had three qualifying predicate offenses. Id. at 1278-79. And finally, we held that the savings clause reached Bryant's claim. Id. at 1281-84.

New rules of criminal procedure are not retroactively applicable on collateral review unless they fall within one of two exceptions. Teague v. Lane, 489 U.S. 288, 310-11 (1989). One, such rules may apply retroactively if they hold that certain kinds of primary, private individual conduct may not be proscribed. Id. at 311. In the alternative, they may apply retroactively if they require the observance of procedures that are implicit in the concept of ordered liberty -- so-called "watershed rules of criminal procedure," id. at 307, 311, which "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." Welch v.

4

United States, 136 S. Ct. 1257, 1264 (2016) (quotation omitted).  The benchmark for a "watershed rule" of criminal procedure is a case like Gideon v. Wainwright, 372 U.S. 335 (1963), which held that the accused are entitled to the assistance of counsel if they cannot afford one.  Beard v. Banks, 542 U.S. 406, 417 (2004).

In Shepard v. United States, the Supreme Court addressed the procedure a sentencing court should use to determine whether a prior conviction qualifies as a "violent felony" under the ACCA.  544 U.S. 13 (2005).  It held that the court's examination is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information."  Id. at 26.  However, the Supreme Court did not discuss whether its ruling would apply retroactively to cases on collateral review.  See generally id.

Here, the district court did not err in dismissing Sampson's claims for lack of jurisdiction.  Sampson first argues that his ACCA-enhanced sentence is now illegal because his prior conviction for carrying a concealed firearm no longer qualifies as a violent felony under Begay, and that the district court ignored this claim.  But the record indicates that the district court accepted his argument that Begay invalidated his prior conviction for carrying a concealed firearm as an ACCA predicate.  Nevertheless, the district court recognized -- correctly -- that

5

because Sampson still had three ACCA predicates,[1] he could not meet Bryant's fourth prong -- that his sentence exceeded the statutory maximum in light of Begay. Moreover, unlike in Bryant, the government submitted all four of Sampson's convictions as ACCA predicates prior to sentencing, so the district court did not err in relying on any of these convictions as predicate offenses. The district court also addressed whether any of Sampson's other challenges to the ACCA enhancement opened the portal to savings clause relief, and properly held that they did not. As for Sampson's claim that his other qualifying convictions should not be relied on because they were not proven using Shepard documents, it is unavailing. Among other things, Shepard does not apply retroactively on collateral review, and therefore does not satisfy the requirements for proceeding under the savings clause. Accordingly, the district court did not err in concluding that it lacked jurisdiction to her Sampson's claim.

We also reject Sampson's argument that the district court erred under Clisby by failing to address his § 2241 claims on the merits. In Clisby, we instructed district courts to resolve all claims for relief raised in petitions for writs of habeas

---

[1] Even construing Sampson's Begay claim to also argue that his prior conviction for resisting arrest with violence is not a violent felony, he still cannot satisfy the savings clause. This claim fails the first prong of the Bryant test -- Sampson cannot establish that this Court's precedent squarely foreclosed the argument that a Florida conviction for resisting arrest with violence did not constitute a violent felony. We first addressed whether resisting arrest with violence constitutes a violent felony in 2010, after Sampson's criminal and § 2255 proceedings, which occurred between 1999 and 2001. See United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010), abrogation recognized in United States v. Hill, 799 F.3d 1318 (11th Cir. 2015).

corpus, pursuant to 28 U.S.C. § 2254.  960 F.2d at 936.  We expressed "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners," and emphasized the importance of litigating all of a petitioner's claims in one habeas proceeding.  Id. at 935.  We agree that Clisby's rationale appears to be equally applicable to a federal prisoner seeking relief pursuant to § 2241.

Nonetheless, the district court did not err here in failing to address Sampson's arguments on the merits.  Indeed, Clisby does not require that a district court address each claim on the merits as long as the court resolves all claims for relief.  As a result, there was no Clisby violation here because the district court properly determined that the entire petition was due to be dismissed for lack of jurisdiction.

**AFFIRMED**.