16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ray Anthony MERRYMAN, Defendant-Appellant.
 No. 92-2404.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1994.
 
 Before: KEITH and KENNEDY, Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant Ray Anthony Merryman appeals the District Court's denial of his motion to suppress and his sentence imposed under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e). On appeal the defendant argues that the evidence seized from him during an investigatory stop was the result of an unlawful search and seizure in violation of the Fourth Amendment. He also claims for various reasons that his juvenile adjudication should not have been used to enhance his sentence under the Armed Career Criminal Act. For the reasons that follow, we affirm the conviction but remand the case to the District Court for resentencing.
 
 I.
 A.
 
 2
 On September 24, 1990, Detroit Police Officers Thomas Phillips and James Irons were on patrol in plain clothes in an unmarked car. They received a radio broadcast of gun shots having been heard near an alley at the intersection of Philadelphia and Cameron streets in Detroit. At the time of the broadcast they were only about one half mile away. They drove down Cameron and saw nothing. But as they turned onto Euclid, one block from Philadelphia, they saw two men and a woman running across a vacant lot from the direction of the alley behind Philadelphia. When the three reached the sidewalk, the woman went down the street and into a house. The men stopped running and walked across the street in front of the officers' car towards a car parked there. The officers confronted the men, one of whom was the defendant. After a brief struggle with the defendant, the officers patted the men down and found loaded handguns concealed on each of them.
 
 B.
 
 3
 The two men were arrested and ultimately were indicted for possessing a firearm having been previously convicted of a felony in violation of 18 U.S.C. Sec. 922(g). The government filed a notice of intent to seek sentencing of the defendant as an armed career criminal under 18 U.S.C. Sec. 924(e).
 
 
 4
 On August 29, 1991, the defendant entered a conditional plea of guilty to the charge of possessing a firearm having been previously convicted of a felony and specifically reserved his right to appeal the District Court's denial of his motion to suppress. On January 16, 1992, based on a stipulation of the parties, the District Court stayed the sentencing of the defendant for 180 days or until the Sixth Circuit Court of Appeals rendered a decision in a case thought to have an impact on the defendant's case, whichever occurred first. The defendant's sentencing hearing was not held until October 30, 1992. On October 10, 1993, the defendant's thirtieth birthday, his juvenile adjudication, which counted as one of the three predicate violent felonies for purposes of the Armed Career Criminal Act, was expunged.
 
 
 5
 At his sentencing hearing, the defendant argued that his juvenile adjudication should not be counted as one of the three necessary "violent offenses" to sentence him under the Armed Career Criminal Act. The District Court disagreed and sentenced the defendant to fifteen years imprisonment, the minimum mandatory sentence.
 
 II.
 A. Suppression of Evidence
 
 6
 The defendant argues that there were no articulable facts to support a finding by the District Court that the officers had a reasonable suspicion that the defendant was involved in criminal activity. Without this reasonable suspicion, the stop of the defendant was unconstitutional, and the weapon seized from him should be suppressed.
 
 
 7
 In United States v. Sokolow, the Supreme Court reiterated the standards for a constitutionally valid stop and frisk. United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 618 (1989). The Court reaffirmed the holding in Terry v. Ohio and stated that an officer can detain a person for investigative purposes if he or she has a reasonable suspicion supported by articulable facts that criminal activity "may be afoot." Id. at 7 (quoting Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889 (1968)). This means more than a "hunch" but less than the level of suspicion required for probable cause. Id. at 27, 88 S.Ct. at 1883; United States v. Hardnett, 804 F.2d 353, 355-56 (6th Cir.1986), cert. denied, 479 U.S. 1097 (1987). An objective standard is to be applied to the total circumstances as they were at the moment of the stop and frisk. Terry, at 21-22, 88 S.Ct. at 1879-80; Sokolow, at 7-8, 109 S.Ct. at 1585. An anonymous tip, supported by some later objective verification, as well as totally innocent behavior by the defendant, may be sufficient to justify an investigative stop. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Sokolow, at 9, 109 S.Ct. 1586-87; see also United States v. Lane, 909 F.2d 895 (6th Cir.1990), cert. denied, 498 U.S. 1093 (1991).
 
 
 8
 The government contends that the District Court found several articulable facts known to the officers at the time of the stop to support the officers' reasonable suspicion that the defendant was involved in criminal activity: (1) the officers knew that gunshots had been heard in the immediate area, albeit from an anonymous call; (2) the defendant and two others were seen running from the area where the gunshots had been heard; (3) the gunshots were heard at night and there were no other persons in the area; and (4) the defendant and his companions stopped running when they saw the officers' car. As did the District Court, we find these facts sufficient to justify the investigative stop of the defendant and his companion. Once the stop has been factually justified, then officers could conduct a reasonable search for weapons to secure their own safety. Terry, at 27, 88 S.Ct. at 1883; see also Hardnett, 804 F.2d at 356.
 
 
 9
 The District Court correctly denied the defendant's motion to suppress.
 
 B. Sentencing
 
 10
 The defendant also complains that the District Court erred in finding that his criminal history fit the criteria for sentencing under the Armed Career Criminal Act. Specifically, the defendant contends that his juvenile adjudication for assault with a deadly weapon should not have been considered because it had been expunged prior to sentencing; it is not considered a conviction under Michigan law; and it was constitutionally defective. Because we find that his juvenile adjudication had been expunged and should not have been considered by the District Court, we need not reach the defendant's other contentions related to this adjudication.
 
 
 11
 Section 924(e) of Title 18, United States Code (Armed Career Criminal Act), provides for a fifteen year minimum mandatory sentence of imprisonment if a person violates section 922(g) (felon in possession of a firearm) and has three prior convictions for violent felonies or serious drug offenses. "Violent felony" is defined in section 924(e)(2)(B) as:
 
 
 12
 any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
 
 
 13
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
 
 
 14
 ....
 
 
 15
 A "crime punishable by imprisonment for a term exceeding one year" is defined in section 921(a)(20) which states in relevant part:
 
 
 16
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter....
 
 
 17
 Under Michigan Court Rule 5.925,(E)(2)(b), the court must expunge the files and records pertaining to a person's juvenile offenses when the person becomes thirty years of age. To "expunge," as defined in this Court Rule, is to obliterate or destroy. Mich.Ct.R. 5.925(E)(1)(a). There is nothing that the person need do to effect the expungement; it is done automatically.[1]
 
 
 18
 The government argues that it is irrelevant that the defendant's juvenile adjudication had been expunged at the time of sentencing because the sentencing would have taken place before the expungement had it not been for the stay in sentencing stipulated to by the defendant and the government. The government's argues that its notice of intent to seek sentencing of the defendant as an armed career criminal was filed before the expungement and by agreeing to the stay of his sentencing, the defendant waived any and all rights to raise the expungement issue. The government also contends that the defendant's prior criminal history should be calculated at the time of the offensive behavior rather than at the time of sentencing and therefore, the District Court was correct in considering this juvenile adjudication as part of the defendant's criminal history.
 
 
 19
 First, we note there is nothing in the record to indicate that anyone anticipated the fortuitous expungement of the defendant's juvenile record during the stay of his sentencing hearing. The parties and the District Court were simply awaiting an opinion from this Court. The defendant did not waive the opportunity to challenge the use of his juvenile adjudication by agreeing to a stay in the proceedings for another purpose. The issue then before this Court is whether the expungement of the defendant's juvenile adjudication, which occurred after the offense but before sentencing, should count towards an increased sentence for the defendant under the Armed Career Criminal Act.
 
 
 20
 We have previously held that 18 U.S.C. Sec. 924(e) is a sentence enhancement provision, not a crime in and of itself. Therefore, the government does not have to prove the three violent felonies as part of its case-in-chief, but must prove them at the time of sentencing. See United States v. Brewer, 853 F.2d 1319 (6th Cir.), cert. denied, 488 U.S. 946 (1988). The only felony that the government has to prove as an element of the offense is the felony upon which the government relies to support its charge of possession of a firearm by a convicted felon. See 18 U.S.C. Sec. 922(g).
 
 
 21
 Extending this ruling one step further, we are brought to the conclusion that the only convictions which may be considered "violent felonies" for purposes of sentencing enhancement are those that exist at the time of sentencing.[2] Since the defendant's juvenile adjudication had been expunged prior to sentencing by operation of Michigan law and since the Armed Career Criminal Act does not allow the consideration of convictions which have been expunged as defined by state law, we find that it was error to sentence the defendant to fifteen years imprisonment as an armed career criminal.
 
 III.
 
 22
 For the foregoing reasons, we AFFIRM the defendant's conviction, but REMAND this case to the District Court for resentencing consistent with this opinion and the Sentencing Guidelines.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Michigan Court Rule 5.925(E)(3) also provides for setting aside a juvenile adjudication and this procedure requires an order of the court, unlike expungement
 
 
 [2]
 We note that at least one other Circuit Court of Appeals has ruled that a defendant may attack a federal sentence that was enhanced by state convictions set aside after sentencing. See United States v. Guthrie, 931 F.2d 564 (9th Cir.1991); see also United States v. Davis, 753 F.Supp. 529 (D.Vt.1990) (District Court held that due process required that the defendant be resentenced in light of the reversal of the state convictions upon which his sentence as an armed career criminal was based)