NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0170n.06
Filed: December 17, 2004

No. 03-1450

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| OSCAR FLORES, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, Senior District
Judge.[*]

PER CURIAM:

## I. Introduction.

The issues on this appeal, following a jury conviction for possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g), are directed to the enhanced sentence of 235

months based on the finding that Flores was, as defined in 18 U.S.C. § 924(e)(1), a career criminal

offender.[1] The government contended in its enhancement notice that Flores had four prior

_____

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District
of Ohio, sitting by designation.

[1] The appellant also raises ineffectiveness of his trial counsel, an issue we decline to
consider on direct appeal, *see Massaro v. United States*, 538 U.S. 500, 504-05 (2003), and, in his
supplemental brief, a *Blakely* issue which we find meritless in view of *United States v. Koch*, 383

(continued...)

(Case No. 03-1450)

convictions that satisfied the requirements for a judicial determination that Flores was a career criminal offender.[2]

The statutory requirements for the enhanced sentence for violating § 922(g) require three qualifying convictions as stipulated in § 924(e)(1) which states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Two of the convictions were for prior drug convictions and no challenge was raised by Flores as to application of those offenses to the enhancement provisions for an armed career criminal offender.

The sentencing issue focused on the two other convictions, i.e., the juvenile adjudication for assault with a knife and the 1987 Michigan conviction for carrying a concealed weapon. The government contended that both convictions counted.[3] The district court did not address the issue

---

[1](...continued)
F.3d 436 (6th Cir. 2004) (*en banc*).

[2] The § 924(e) notice specifying Flores as an armed career criminal was filed prior to trial on April 12, 2002. The notice listed a November 2, 1970 juvenile adjudication for assault with a knife in Saginaw County, Michigan; a Michigan conviction on January 12, 1977 for delivery of heroin; a December 19, 1987 Michigan conviction for carrying a concealed weapon, which was listed in the notice as a conviction under § 924(e)(2)(B)(i); and a December 28, 1987 conviction in U.S. District Court in the Eastern District of Michigan, Northern Division, for distribution of heroin.

[3] The government's sentencing memorandum acknowledged the expungement of Flores's juvenile adjudication by operation of state law, but argued that the adjudication still counted under the teachings of *Caron v. United States*, 524 U.S. 308 (1998). *See* JA 130-31.

2

of whether the Michigan conviction for carrying a concealed weapon counted, but agreed with the government that the juvenile adjudication did count, given the dictates of § 924(e)(2) (C) which state:

> The term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

We turn now to examine the question of whether the juvenile adjudication qualifies as a "violent felony."

In that context, the § 924(e)(1) reference to a "violent felony" requires examination of the definition of the term "violent felony" which is set forth in § 924(e)(2)(B):

> The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
> has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

## II. The District Court's Decision.

Faced with the dispute as to whether either or both non-drug convictions counted as a "violent felony" to constitute the necessary third conviction under the provisions of § 922(g), the district court published a brief decision which stated in its entirety as follows:

> At the time of defendant's sentencing the Court included defendant's juvenile conviction for assault with a knife in determining that the Armed Career Criminal enhancement applied. *See* 18 U.S.C. § 924(e). Defendant objected to the enhancement on the grounds the conviction had been expunged as a matter of law, citing *United States v. Merryman*, 1994 WL 54430 (6th Cir. Feb. 23, 1994) (unpublished). The government responded, citing *Caron v. United States*, 524 U.S. 308, 316-17 (1998), decided after *Merryman*, where the Supreme Court effectively held that as long as a conviction *carries with it any disability under state law*, the

3

(Case No. 03-1450)

fact that it has been expunged nevertheless requires it be considered as a conviction under 18 U.S.C. § 924(e). (Emphasis added).

Following *Caron*, Michigan law, as argued by the government in the Government's Sentencing Memorandum filed February 14, 2003, defendant's juvenile conviction, notwithstanding the fact it has been expunged by operation of law, prevents defendant from obtaining a concealed weapons permit. *Because defendant cannot obtain a concealed weapons permit*, his juvenile conviction is, under *Caron*, a predicate offense under 18 U.S.C. § 924(e). As such, the sentence enhancement is appropriate. (Emphasis added).

JA at 190.

**III. Does the decision in *Caron v. United States,* 524 U.S. 308, 316-317 (1998) override the expungement provisions of 18 U.S.C. § 921(a)(20) in view of the fact that Flores, under Michigan law, is not eligible to obtain a license to carry a concealed weapon?**

18 U.S.C. § 921(a)(20) provides in relevant part as follows:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless* such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms. (Emphasis added.)

In *Caron*, the defendant was permitted under Massachusetts law to *possess* some firearms, but not all firearms. A majority of the Supreme Court concluded that the right in the Commonwealth of Massachusetts to *possess* some weapons, i.e., firearms, did not translate to the right to *possess* all firearms. Consequently, even though, by reason of the restoration of his civil rights, Caron was permitted under Massachusetts law to *possess* rifles or shotguns, he was not permitted to *possess* a handgun.

4

(Case No. 03-1450)

Against that factual background, the *Caron* court rejected the defendant's argument that his

prior Massachusetts convictions should not count for enhancement purposes, even though the

defendant's civil rights had been restored. In reaching that ruling, the *Caron* court analyzed the

"unless" clause of § 921(a)(20) in the following passages:

> Aside from the unless clause, the parties agree Massachusetts law has restored petitioner's civil rights. As for the unless clause, state law permits him to possess rifles and shotguns but forbids him to possess handguns outside his home or business. The question presented is whether the handgun restriction activates the unless clause, making the convictions count under federal law.
>
> . . .
>
> The phrase "may not . . . possess . . . firearms," then, must be interpreted under either of what the parties call the two "all-or-nothing" approaches. Either it applies when the State forbids one or more types of firearms, as the Government contends; or it does not apply if state law permits one or more types of firearms, regardless of the one possessed in the particular case.
>
> . . .
>
> Under petitioner's all-or-nothing argument, federal law would forbid only a subset of activities already criminal under state law. This limitation would contradict the intent of Congress. In Congress' view, existing state laws "provide less than positive assurance that the person in question no longer poses an unacceptable risk of dangerousness." *Dickerson*, 460 U.S. at 120. Congress meant to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States. *See id.*, at 119. If federal law is to provide the missing "positive assurance," it must reach primary conduct not covered by state law. The need for this caution is borne out by petitioner's rifle attack on the Miller family, in which petitioner used a gun permitted by state law. Any other result would reduce federal law to a sentence enhancement for some state-law violations, a result inconsistent with the congressional intent we recognized in *Dickerson*. Permission to possess one gun cannot mean permission to possess all.
>
> . . .

> As to the possession of weapons, however, the Federal Government has an interest in a single, national, protective policy, broader than required by state law. Petitioner's approach would undermine this protective purpose.
>
> . . .
>
> In sum, Massachusetts treats petitioner as too dangerous to trust with handguns, though it accords this right to law-abiding citizens. Federal law uses this state finding of dangerousness in forbidding petitioner to have any guns.

*Caron,* 524 U.S. at 313-17.

We find that Michigan's statutory prohibition on Flores' right to obtain a license or permit to carry a concealed weapon does not activate the "unless" provision of § 921(a)(20) as the statutory prohibition does not relate to shipping, transporting, possessing or receiving firearms. The Michigan law authorizing its citizens to apply for a license to carry a concealed weapon does not speak to the *possession* of firearms as did the Massachusetts law. As a consequence, we reject the district court's reliance on the juvenile adjudication for assault with a knife as a "violent crime" within the context of § 924(e).

The *Caron* decision refused to divide the concept of *possession* into lawful and unlawful divisions; but to extend the *Caron* decision to denial of a permit to *conceal* a firearm would extend the "unless" clause of § 921(a)(20) to the additional act of *concealment* of a firearm. We find that extension of the teachings of *Caron* under the factual setting for this case is not warranted. Thus, we hold that the juvenile adjudication does not count as a violent felony for the purposes of enhancement.[4]

---

[4] The appellant's brief raised the argument that the juvenile conviction should have been excluded because the government did not demonstrate that the defendant had counsel. In light of

(continued...)

6

**IV. Does Flores' Michigan conviction for carrying a concealed weapon qualify as a "violent felony"?**

However, there exists an unresolved issue as to whether the December 19, 1987 Michigan conviction for the crime of carrying a concealed weapon counts as a violent felony. If so, the enhanced penalty imposed by the district court would still constitute a valid sentence. As indicated, the government argued that Flores' prior Michigan conviction for carrying a concealed weapon qualified as a "violent felony" under the enhancement provisions of § 924(e)(1). The district court did not make a definitive ruling on that claim. There is a division of opinion on this issue by our sister circuits.[5] We find that this issue should initially be considered by the district court after the parties have the opportunity to fully brief the issue.

The conviction for the violation of 18 U.S.C. § 922(g) is affirmed, but the sentence to a term of 235 months is vacated, and this case is remanded to the district court for further proceedings on

---

[4](...continued)
our decision that the juvenile adjudication does not count as a violent felony for the purposes of enhancement, we need not address this separate argument.

[5] *United States v. Hall*, 77 F.3d 398, 401-402 (11th Cir. 1996) concluded that a conviction for carrying a concealed weapon constituted a "violent felony." The *Hall* court focused on § 924(e)(2)(B)(ii) which spotlighted "conduct that presents a serious potential risk of physical injury to another" and opined that "carrying a concealed weapon is conduct that poses serious potential risk of physical injury and, so, falls under the definition of violent felony." *United States v. Whitfield*, 907 F.2d 798, 800 (8th Cir. 1990) reached a different result, holding that a prior state conviction for carrying a concealed weapon did not constitute a "violent felony." The *Whitfield* court declared: "(A)lthough carrying an illegal weapon may involve a continuing risk to others, the harm is not so immediate as to 'present [ ] a serious potential risk of physical injury to another.'" The *Whitfield* court cited as authority *United States v. Johnson*, 704 F.Supp. 1403, 1407 (E.D. Mich. 1989), *aff'd per curiam*, 900 F.2d 260 (6th Cir. 1990). As the Sixth Circuit decision in the *Johnson* case is unpublished, we are not bound by that decision.

(Case No. 03-1450)

the issue of whether the defendant's prior state conviction for carrying a concealed weapon qualifies as a violent felony.

**MARTHA CRAIG DAUGHTREY, dissenting.** Because I conclude that the district court was correct to apply *Caron v. United States*, 524 U.S. 308 (1998), to the facts of this case, I respectfully dissent.

As the majority notes, in determining whether 18 U.S.C. § 922(e)(1) applies in this case, we are interpreting federal law and must seek to carry out the intent of Congress in its decision to increase the punishment of armed career criminals. Congress has made it clear that we are to count as a "violent felony" the offense committed by Flores as a juvenile, unless, as 18 U.S.C. § 921(a)(20) provides, that conviction has been pardoned or expunged. In this case, the juvenile conviction was expunged by operation of state law, but under the applicable Michigan statute, Flores is nevertheless prevented from obtaining a permit to carry a concealed weapon. Thus, the inquiry shifts to the exception carved out in subsection (a)(20), the so-called "unless clause."

That exception provides that the ameliorative effect of a pardon, expungement, or restoration of civil rights is inoperative if the "expungement . . . expressly provides that the person may not . . . transport [or] possess . . . firearms." 18 U.S.C. § 921(a)(20). Just as the *Caron* court determined that permission to possess rifles or shotguns but not handguns was sufficient to bring the defendant within the exception to § 921(a)(20), *see Caron v. United States*, 524 U.S. at 316-17, it seems clear to me that a prohibition against transporting or possessing *concealed* weapons is the sort of limitation that Congress must have intended in adding the "unless clause" to § 921(a)(20). The purpose of the clause is to "keep guns away from all offenders who, the Federal Government feared, might cause

9

harm, even if those persons were not deemed dangerous by States," *Caron*, 524 U.S. at 315, especially where, as in this case, Michigan's juvenile expungement provision expressly limits the right to carry a concealed weapon and is an obvious example of "state laws [that] 'provide less than positive assurance that the person in question no longer poses an unacceptable risk of dangerousness.'" *Id*. (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 120 (1983)).

Here, the proof is in the pudding. Just how high is the risk of dangerousness involved in the possession of a concealed weapon? Certainly, it is high enough to cause the majority to remand this case to have the district court determine whether a conviction for carrying a concealed weapon constitutes a "violent felony" for purposes of § 924(e). It seems to me that the further inquiry ordered by the majority is unnecessary and that the district court should simply be affirmed.