RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0240p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARTER EUBANKS, aka CARTER JUNIOR
REED,

*Defendant-Appellant.*

No. 09-1254

>

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 08-00154-001—Janet T. Neff, District Judge.

Argued: April 21, 2010

Decided and Filed: August 3, 2010[*]

Before: BATCHELDER, Chief Judge; WHITE, Circuit Judge; GREER, District
Judge.[**]

_____

## COUNSEL

**ARGUED:** David L. Kaczor, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand
Rapids, Michigan, for Appellant. Russell A. Kavalhuna, ASSISTANT UNITED
STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** David L.
Kaczor, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for
Appellant. Michael L. Schipper, ASSISTANT UNITED STATES ATTORNEY, Grand
Rapids, Michigan, for Appellee.

_____

[*] This decision was originally issued as an "unpublished decision" filed on August 3, 2010. The
court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

––––––––––––––––––––

**OPINION**

––––––––––––––––––––

ALICE M. BATCHELDER, Chief Judge.  Carter Eubanks appeals his sentence, claiming that the court erred in finding that his juvenile conviction in Michigan may be considered in designating him as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Because we find that the district court correctly determined that Eubanks's prior conviction must be considered under the ACCA, we AFFIRM.

**I.**

Carter Eubanks was apprehended by police officers after they responded to a complaint of a man selling drugs from his car in the parking lot of an apartment complex.  Upon searching his car, the officers found two ounces of marijuana.  The next day, they obtained a warrant to search his home and discovered a pistol.  Eubanks was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); he pled guilty to the indictment without a plea agreement.

The pre-sentence investigation report ("PSR") designated Eubanks an armed career criminal pursuant to the ACCA because of two prior controlled-substance violations as an adult and a juvenile conviction for felonious assault, a designation that requires a mandatory minimum sentence of fifteen years' imprisonment.  At the sentencing hearing, Eubanks objected to the use of the juvenile conviction to enhance his sentence under the ACCA.  He argued that the conviction should not be considered because Michigan law required that the record of his juvenile conviction be destroyed when he turned thirty years old, and he was thirty-one at the time of the instant offense.  The district court overruled the objection, noting that although Michigan law does provide for the destruction of some juvenile records when an offender turns thirty years old, the law nonetheless permits the conviction itself to be used to calculate a future sentence.

Because Eubanks meets the statutory requirements for designation as an armed career criminal, and because the mandatory minimum sentence under the ACCA is 180 months, the district court sentenced him to 180 months' imprisonment, though it stated on the record its belief that this period of imprisonment was much too harsh.

Eubanks filed a timely notice of appeal.

## II.

Eubanks argues that the district court committed procedural error in sentencing him pursuant to the ACCA sentencing enhancement, 18 U.S.C. § 924(e), when he did not in fact have the requisite three qualifying convictions. He argues that his juvenile conviction is not a qualifying conviction, because Michigan Court Rules require that the files and records of juvenile offenses be destroyed when the offender turns thirty years old, and that this is an effective expunction under federal law. *See* 18 U.S.C. § 921(a)(20) ("a conviction which has been expunged . . . shall not be considered a conviction for purposes of this chapter."). In the alternative, he argues that even if his juvenile conviction was not expunged, Michigan law should have prevented the disclosure of the records of that conviction, and without those records, the court could not have conducted the review necessary to determine whether the offense qualified as a violent felony under the ACCA. *See Shepard v. United States*, 544 U.S. 13 (2005).

### A.  Expunction of the Juvenile Record

We review de novo the district court's interpretation of a federal statute, including whether a conviction constitutes a violent felony for purposes of that statute. *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005).

The ACCA provides that one convicted of being a felon in possession of a firearm who has three prior convictions for either violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). Eubanks concedes that his two prior adult convictions qualify as serious drug offenses, as defined by § 924(e)(2); however, he argues that his juvenile

conviction for felonious assault does not qualify as a violent felony because it falls under the expunction exception of 18 U.S.C. § 921(a)(20).

A violent felony under the ACCA is defined as:

> (B) . . . any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that --
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another
>> . . . .

18 U.S.C. § 924(e)(2)(B). An exception to this general rule is that "what constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held" and "[a]ny conviction which has been expunged or set aside . . . shall not be considered a conviction" sufficient to qualify as one of the predicate three convictions under the ACCA enhancement. 18 U.S.C. § 921(a)(20).

Eubanks argues that his juvenile conviction, even if it would otherwise qualify as a "violent felony," has been effectively expunged by a Michigan Court Rule which provides that "the court must destroy the files and records pertaining to a person's juvenile offenses when the person becomes 30 years old." Mich. Ct. R. 3.925(E)(2)(c). The rule also specifically provides that "[d]estruction of a file does not negate, rescind, or set aside an adjudication." Mich. Ct. R. 3.925(E)(1). And another section of the rule provides the specific route by which a juvenile offender may attempt to have his juvenile adjudication or conviction set aside. *See* Mich. Ct. R. 3.925(F) ("[t]he setting aside of juvenile adjudications is governed by M.C.L. 712A.18e" and "[t]he court may only set

aside a conviction as provided by M.C.L. 780.621 *et. seq.*").[1]  Critically, several subsections of Rule 3.925 provide that "the register of actions" must not be destroyed. *See* Mich. Ct. R. 3.925 (E)(1), (2)(b) and (2)(d).  This "register of actions" is established by Michigan Court Rule 8.119(D)(1)(c), which requires that among the records that must be kept by the clerk of each trial court is the register of actions, which must include, among other things:  the offense; the judge assigned to the case; the date of trials and hearings; the orders, judgments, and verdicts; and the date and manner of adjudication and disposition.  Mich. Ct. R. 8.119(D)(1)(c).

An analysis of the plain language of the federal and Michigan statutes indicates that the destruction of records required by the rule is not the expunction contemplated by 18 U.S.C. § 921(a)(20).  Michigan case law makes it clear that juvenile convictions, some records of which have been destroyed pursuant to Michigan Court Rules, may nonetheless be considered by a sentencing judge when sentencing an adult offender.  *See People v. Smith*, 470 N.W.2d 70, 75 (Mich. 1991).  In *Smith*, a criminal defendant challenged the inclusion of his juvenile record in his PSR, arguing that because the juvenile record should have been automatically expunged under the Michigan Court Rule,[2] it should not be considered by the trial judge in determining whether he qualified as an habitual offender under state law.  The Michigan Supreme Court disagreed, explaining that "[t]he purpose of the court rule . . . is to prevent a juvenile record from becoming an obstacle to educational, social, or employment opportunities.  When, however, a juvenile offender appears in court again as an adult, his juvenile offense record may be considered in imposing the sentence."  *Id.*

Despite this settled Michigan law, Eubanks proffers two unpublished Sixth Circuit cases that appear at first glance to be quite helpful to his argument, namely

---

[1]It appears that Mr. Eubanks would be ineligible to set aside his juvenile offense, because the Michigan statute providing for set asides requires that the applicant have no felony convictions and not more than one juvenile offense.  *See* M.C.L. 712A.18e(1).

[2]The Michigan Court Rule then in operation was former Rule 5.913, which required certain juvenile court records to be "expunged" when the offender turned 27.  It should be noted that this language is stronger than the current rule, which uses the term "destroyed" rather than "expunged," further strengthening the conclusion that mere destruction of records is insufficient to exclude juvenile convictions from future sentencing consideration.

*United States v. Flores*, 118 F. App'x 49 (6th Cir. 2004) (unpublished), and *United States v. Merryman*, 16 F.3d 1222, 1994 WL 54430 (6th Cir. Feb. 23, 1994) (unpublished table decision). Both cases involved the question of whether certain Michigan juvenile offenses could be counted as predicate offenses under the ACCA if they were supposed to have been expunged as a matter of law. They are, however, inapposite. In both cases, the parties and the court assumed that Michigan's Court Rules expunge the juvenile offense for purposes of the ACCA. In neither case is that issue — which is the heart of the instant case — discussed or decided by the court. And in neither case is Michigan's decisional law, particularly the Michigan Supreme Court's decision in *Smith*, mentioned. Instead, *Flores* focused on whether the defendant's being barred from obtaining a concealed weapons permit (a bar which resulted from his juvenile offense) could resurrect his presumably expunged juvenile conviction for consideration under the ACCA. *Flores*, 118 F. App'x at 52-53. And *Merryman*'s holding focused solely on the timing of expunction, stating that only convictions that exist at the time of a defendant's sentencing may be considered as ACCA predicate offenses. *Merryman*, 1994 WL 54430, at *4.

Eubanks also attempts to dismiss the holding of *Smith* by pointing to the policy considerations behind the Michigan Supreme Court's allowing the use of prior juvenile convictions. *See Smith*, 470 N.W.2d at 75 (explaining that judges need access to complete information in order to properly individualize each offender's sentence and that one's juvenile offender history may reveal an even more extensive pattern of lawbreaking than does the adult record alone). He argues that this policy rationale is not applicable in the federal ACCA setting because the use of juvenile convictions for ACCA purposes actually hinders a judge from tailoring an individualized sentence, in that it triggers the statutory minimum and deprives the judge of discretion. But Eubanks has not explained why this argument is relevant to our inquiry of what the status of his juvenile conviction would be according to the laws of the state of Michigan. It is not the policy considerations underlying the *Smith* decision that concern us here; our task is to apply Michigan law as we find it. *See also United States v. Ellis*, 604 F. Supp. 2d 346,

348-49 (D. Mass. 2009) (explaining that when state law allows for the use of a juvenile conviction in imposing sentence, then it may also be used under the federal ACCA).

The ACCA requires the federal court to look to the law of the state — here, the law of Michigan — to determine the status of a defendant's prior convictions; the Michigan Court Rules provide for the destruction of certain juvenile records when the offender turns thirty, but they do not expunge or set aside any juvenile conviction, or prevent the use of that conviction by the sentencing judge in later state court proceedings. The district court therefore did not err in concluding that Eubanks's 1992 juvenile conviction for felonious assault is an ACCA predicate offense.

## B.  Review of the Juvenile Offense under *Shepard*

Eubanks's alternative argument is that even if the district court must consider his juvenile offense in determining whether he is an armed career criminal, the court's procedures in making that determination were erroneous. Because under Michigan law most of the records should have been destroyed, Eubanks argues, the court should not have been able to access them in order to determine whether the offense qualified as a violent felony under the ACCA.

Ordinarily, we review sentences under an abuse-of-discretion standard, looking first to determine whether the district court committed any significant procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). But Eubanks did not object at sentencing to the court's use of the facts contained in the charging document for the juvenile felonious assault conviction — indeed, Eubanks expressly conceded in his Objections to the PSR and during the course of the sentencing hearing that the charging documents reflected that this juvenile conviction was for an offense that involved the use of a firearm. And Eubanks raised no objection at the conclusion of sentencing when the court inquired whether there remained any legal objections to the sentence. Our review is therefore for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). And we will reverse for plain error only where the error not only affects substantial rights, but "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993).

To qualify as a predicate "violent felony" under the ACCA, a juvenile offense must not only meet the qualifications for an adult predicate offense (be punishable by more than a year in prison and involve the use, attempted use, or threatened use of physical force against another), but it must also involve "the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). The Michigan statute under which Eubanks was convicted, M.C.L. 750.82, defines "felonious assault" to include assault with a firearm. However, the statutory definition includes as well assaults with such things as iron bars, clubs, and brass knuckles, none of which is included in the ACCA's definition of "violent felony."

Clearly, Eubanks's juvenile conviction is for violation of a statute which proscribes both conduct that would constitute a violent felony under the ACCA and conduct that would not. Under those circumstances, in determining whether that prior conviction constitutes a violent felony, the sentencing court is limited to considering "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

Eubanks asserts that the documentation required to demonstrate that he used a firearm, knife, or destructive device during the commission of his juvenile felonious assault should have been unavailable to the district court because his juvenile record was supposed to have been destroyed. He argues that the fact of his conviction and the examination of the Michigan statute by themselves would not be sufficient to demonstrate his use of such a weapon or device.

But Eubanks's argument misses the mark. Eubanks himself acknowledged to the district court, both in his filed objections to the PSR and in the colloquy at sentencing, that the charging documents revealed that the juvenile felonious assault conviction involved his use of a gun. And Eubanks raised no objection at sentencing to the district court's reliance on that fact.

Beyond that, Michigan Court Rules do not require that all of a juvenile offender's records be destroyed.  In fact, the rules require that the "register of actions" must *not* be destroyed, Mich. Ct. R. 3.925 (E)(1), (2)(b) and (2)(d), and that register must include, among other things, the offense, the judge assigned to the case, the date of trials and hearings, the orders, judgments, and verdicts, and the date and manner of adjudication and disposition.  Mich. Ct. R. 8.119(D)(1)(c).  It is far from clear that the district court based its decision on any document required by the Michigan Court Rules to have been destroyed.  The PSR, in its detailing of the juvenile offense as part of Eubanks's criminal history, refers to the "petition," which reflects that the offense involved the use of a gun.  Eubanks has provided us no basis upon which to infer that this petition was not a record that is required to be part of the register of actions established by Rule 8.119(D)(1)(c).  And, as we have already discussed, the Michigan Supreme Court has made it clear that when "a juvenile offender appears in court again as an adult, his juvenile offense record may be considered in imposing the sentence."  *Smith*, 470 N.W.2d at 75.

Under these circumstances, we conclude that if the district court committed any error at all by considering Eubanks's juvenile felonious assault conviction and in concluding that it constituted a violent felony under the ACCA, that error certainly was not plain.

**III.**

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.