NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0838n.06

No. 08-6181

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Aug 06, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,              )
                                         )
v.                                       )   ON APPEAL FROM THE UNITED
                                         )   STATES DISTRICT COURT FOR
JAMES ROGERS,                            )   THE WESTERN DISTRICT OF
                                         )   TENNESSEE
    Defendant-Appellant.            )
                                         )
                                         )

Before: GRIFFIN and KETHLEDGE, Circuit Judges, and CARR, District Judge.[*]

KETHLEDGE, Circuit Judge.  This court previously affirmed James Rogers's sentence for

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Rogers had appealed his

sentence in part because the district court assigned him a base offense level of 20 after concluding

that Rogers's previous conviction under Tenn. Code Ann. § 39-16-603(b)(1) was a "crime of

violence."  *See* U.S.S.G. § 2K2.1(a)(4)(A).  That provision of the Tennessee code makes it a "Class

E felony" for "any person, while operating a motor vehicle . . . to intentionally flee or attempt to

elude any law enforcement officer, after having received any signal from the officer to . . . stop."

*Id.*  Rogers argued that his conviction for this "Class E felony" did not qualify as a "prior crime of

violence."  He noted that this Class E felony is different from another provision of the statute that

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern District
of Ohio, sitting by designation.

punishes, as a "Class D felony," vehicular flight that "creates a risk of death or injury to innocent bystanders or other third parties." *Id.* at (b)(3). Citing the omission of that language from the definition of a Class E felony, Rogers contended that a Class E felony does not qualify as a crime of violence, because crimes of violence must "present[] a serious potential risk of physical injury to others." *See* U.S.S.G. § 4B1.2(a)(2). (The statutory definition of the offense, rather than the facts of a particular crime, determine whether an offense is a crime of violence. *See United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008).) We rejected his argument and affirmed his sentence. *See United States v. Rogers*, 594 F.3d 517, 521 (6th Cir. 2010) (mem.).

The Supreme Court thereafter held that violation of an Indiana statute, which prohibits the use of a vehicle to flee after an officer orders the offender to stop, is a "violent felony." *Sykes v. United States*, 131 S. Ct. 2267, 2271 (2011). Unlike Tennessee's statute, the Indiana statute imposes the same punishment on an offender who flees "'in a manner that creates a substantial risk of bodily injury to another person.'" *Id.* at 2276 (citation omitted). But the Court specifically reserved the question presented here: Whether an ordinary vehicle-flight offense would still qualify as a violent felony if it carries a less severe penalty than another vehicle-flight offense that includes, as an element, a substantial risk of harm. *Id.* at 2227. Thus, the Supreme Court vacated our decision in this case and remanded it to us for further consideration. *Rogers v. United States*, 131 S. Ct. 3018 (2011).

Another panel of this court has since decided that the Class E felony for which Rogers was previously convicted qualifies as a violent felony under the Armed Career Criminal Act. *See United States. v. Doyle*, 678 F.3d 429 (6th Cir. 2012). The "definitions of 'violent felony' under the ACCA

and a 'crime of violence' under" the Guidelines "should be interpreted in a consistent manner."

*Bartee*, 529 F.3d at 363. Thus, we are bound by *Doyle*, and adhere to our previous decision that

Rogers's Class E felony is a crime of violence.

The district court's judgment is affirmed.