RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0022p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 11-1847

RANDY SANFORD,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:10-cr-36-1—R. Allan Edgar, District Judge.

Argued: October 4, 2012

Decided and Filed: December 6, 2012[*]

Before: COLE and KETHLEDGE, Circuit Judges; and THAPAR, District Judge.[**]

———————————

## COUNSEL

**ARGUED:** Jeffrey P. Nunnari, Toledo, Ohio, for Appellant. Mark A. Totten, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Jeffrey P. Nunnari, Toledo, Ohio, for Appellant. Maarten Vermaat, UNITED STATES ATTORNEY'S OFFICE, Marquette, Michigan, for Appellee.

———————————

## OPINION

———————————

COLE, Circuit Judge. Defendant-Appellant Randy Sanford appeals the denial of his motion to dismiss his indictment. For the following reasons, we AFFIRM.

---

[*] This decision was originally issued as an "unpublished decision" filed on December 6, 2012. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

I.

On June 9, 2010, Michigan police discovered that Randy Sanford possessed multiple firearms.  This discovery, along with Sanford's two prior domestic assault convictions in Michigan, led a grand jury to indict Sanford for violating 18 U.S.C. § 922(g)(9), which makes it unlawful for a person who has been convicted of a misdemeanor crime of domestic violence to possess any firearm.

Sanford moved to dismiss the indictment under 18 U.S.C. § 921(a)(33)(B)(ii), which says:

> A person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] for purposes of this chapter if the conviction . . . is an offense for which the person . . . has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Sanford argued that his prior convictions should not count as predicate offenses because his civil rights had been restored upon his release from incarceration.  The district court denied Sanford's motion because it reasoned that his convictions restricted his ability to transport a firearm.

Sanford pleaded guilty but reserved the right to appeal the judgment "on the basis that his prior conviction for a misdemeanor crime of domestic violence does not meet the definition set forth in [18 U.S.C. § 921(a)(33)]."  The district court sentenced Sanford to one month's imprisonment, two years of supervised release, and a $1000 fine.  Sanford thereafter filed this appeal.

II.

When reviewing a motion to dismiss an indictment, we review the district court's legal conclusions de novo.  Our standard of review for factual findings in such cases is "somewhat unclear," *United States v. Grenier*, 513 F.3d 632, 635-36 (6th Cir. 2008)

(collecting cases), but that does not matter here since Sanford does not challenge any of the district court's factual findings.

The parties do not dispute that Sanford's domestic assault convictions under Mich. Comp. Laws § 750.81(2) qualify as crimes of "domestic *violence*" as required by 18 U.S.C. § 922(g)(9) (emphasis added).  In *United States v. Castleman*, 695 F.3d 582 (6th Cir. 2012), this Court held that to categorically meet the definition of "misdemeanor crime of domestic violence" in § 921(a)(33)(A), a state crime must require "*violent* force . . . [force] capable of causing physical pain or injury to another person."  *Id.* at 586-87 (quoting *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010)) (emphasis in original). We do not need to decide whether *Castleman* would apply in this case because Sanford waived his opportunity to argue that his prior convictions were insufficiently violent to qualify as misdemeanor crimes of domestic violence for purposes of § 922(g)(9).  We do not always enforce waivers in cases where "intervening case authority might change the result," *Planned Parenthood Cincinnati Region v. Taft*, 444 F.3d 502, 516 (6th Cir. 2006) (citation omitted), but we find it equitable to enforce the waiver here because the argument in question had already been raised in several circuits with some success. Sanford had adequate notice that the argument existed and was viable. *See United States v. White*, 606 F.3d 144 (4th Cir. 2010) (holding that Virginia domestic assault and battery statute did not qualify); *United States v. Hays*, 526 F.3d 674 (10th Cir. 2008) (holding that battery under Wyoming law did not necessarily qualify as a misdemeanor crime of domestic violence); *United States v. Nason*, 269 F.3d 10 (1st Cir. 2001) (holding that all Maine assault convictions against a domestic partner qualified).

Sanford's argument in this appeal instead focuses on the "rights restoration" exception, whereby a person is not considered to have been convicted of a misdemeanor crime of domestic violence for purposes of § 922(g)(9) "if the conviction . . . is an offense for which the person . . . has had civil rights restored . . . ." § 921(a)(33)(B)(ii). When Sanford was released, he recovered certain civil rights, such as his right to vote under Mich. Comp. Laws § 168.758b.  Sanford therefore contends that his civil rights

were fully restored upon release from incarceration and his domestic assault convictions cannot serve as predicate offenses for the purposes of § 922(g)(9).

However, the "rights restoration" exception has an "unless clause": the exception applies "unless the . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." § 921(a)(33)(B)(ii). Under Michigan law, Sanford's domestic assault convictions made him ineligible for a concealed weapons permit for eight years after each conviction. Mich. Comp. Laws § 28.425b(7)(h)(xv). The government contends that Sanford's ineligibility for a concealed weapons permit restricts his ability to "transport" a firearm sufficiently to trigger the "unless clause."

Sanford's ineligibility for a concealed weapons permit severely hindered, but did not completely eliminate, his ability to transport a handgun. Under Michigan law, a person without a concealed weapons permit may "not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law . . . ." *Id.* § 750.227(2). Mich. Comp. Laws § 750.231a(1)(d) provides an exception to that rule, allowing a person to transport "a pistol for a lawful purpose" if the pistol "is licensed by the owner or occupant of the motor vehicle," unloaded, and in a closed case in the trunk. The statute, as effective at that time, specified seven lawful purposes, such as transportation to a target shooting area or a place of sale. *See id.* § 750.231a(2)(b) (2009) (specifying additional purposes). On the other hand, with a concealed weapons permit, Sanford could "[c]arry a pistol in a vehicle, whether concealed or not concealed, anywhere in [Michigan, except as otherwise provided by law]." *Id.* § 28.425c(2).

In isolation, the text of § 921(a)(33)(B)(ii) is ambiguous as to whether Sanford's remaining restriction triggers the "unless clause," but Supreme Court precedent resolves the ambiguity, compelling us to hold that Sanford's ineligibility for a concealed weapons permit restricts his ability to transport firearms sufficiently to trigger the "unless clause."

In *Caron v. United States*, 524 U.S. 308 (1998), Gerald Caron was convicted of violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a person convicted of a crime punishable by more than one year of imprisonment to possess any firearm. *Id.* at 309. His sentence was enhanced under 18 U.S.C. § 924(e), which mandates that a defendant with three violent felony convictions receive an enhanced sentence. Caron objected to the enhancement, arguing that a prior Massachusetts conviction should not have counted as a predicate offense because of a similar "rights restoration" exception. *See Caron*, 524 U.S. at 311. As in the present case, an "unless clause" modified the exception: the "rights restoration" exception applied "unless such . . . restoration of civil rights expressly provides that the person may not . . . possess . . . firearms." 18 U.S.C. § 921(a)(20). Massachusetts law permitted Caron to possess rifles and shotguns, but, because of his past conviction, banned him from possessing handguns anywhere outside of his home or business. The Supreme Court held that the restriction on Caron's handgun possession rights was an express restriction on his ability to possess firearms that triggered the "unless clause."

The Supreme Court adopted the government's "all-or-nothing" position, under which:

> [A] state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all. This is so even if the guns the offender possessed were ones the State permitted him to have. The state has singled out the offender as more dangerous than law-abiding citizens, and federal law uses this determination to impose its own broader stricture.

*Caron*, 524 U.S. at 315. The Court rejected the dissent's position that the "plain meaning" of the statute triggers the "unless clause" only "when the State additionally prohibits those ex-felons from possessing firearms altogether." *Id.* at 318 (Thomas, J., dissenting). A civil rights restoration that severely limits (but does not ban) the possession of even one type of firearm is, under *Caron*, one that "expressly provides that the person may not . . . possess . . . firearms." 18 U.S.C. § 921(a)(20).

To distinguish his case from *Caron*, Sanford argues on appeal that the "unless clause" "speaks only to civil rights," such as handgun possession, and cannot be triggered by denial of "privilege[s]" such as concealed weapons permits.  The Supreme Court's post-*Caron* decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), suggests that a handgun possession ban, such as the one in *Caron*, might infringe a civil right, whereas denial of a concealed weapons permit, as in the present case, does not.  *See id.* at 626.  However, the restriction in *Caron* did not impinge on the constitutional right announced in *Heller*, which was merely to possess a handgun in one's home.  Caron was only restricted *outside* of his home or business.  Therefore, Sanford's attempt to distinguish *Caron* as a matter of civil rights restriction, as opposed to a denial of privilege, fails.

There are only two relevant distinctions between the Michigan and Massachusetts laws, and neither is material: first, the latter denies a license to *carry*, whereas the former denies a permit to *carry a concealed weapon*; and second, in Michigan, Sanford is still able, for some limited purposes, to transport a pistol in his vehicle without the permit.  Logistically, Sanford's restrictions are similar to Caron's: Sanford is allowed to carry his firearm "in [his] dwelling house, place of business, or on other land possessed by [him]," but his inability to obtain a concealed weapons permit denies him the freedom to "[c]arry a pistol concealed on or about [his] person anywhere in [the] state."  Mich. Comp. Laws § 750.227(2); Mich. Comp. Laws § 28.425c(2)(a).  Just as the restriction in *Caron* was not a blanket ban on all handgun possession, the restriction here is not a blanket ban on all pistol transportation.

Ultimately, Sanford does not have the same freedom to transport his firearm as a Michigan citizen without a domestic assault record.  Under *Caron*, this is sufficient to trigger the "unless clause," which requires us to affirm the district court's judgment.

We overrule *United States v. Flores*, 118 F. App'x 49 (6th Cir. 2004) (per curiam), because it fails to consider the impact of the Michigan restriction on the ability to transport.  In *Flores*, this Court held that ineligibility for a concealed weapons permit did not trigger the "unless clause" because it would be improper to "extend the 'unless'

clause . . . to the additional act of *concealment* of a firearm." *Id.* at 53. The majority appeared to assume that Michigan's concealed weapons permit statute governs only concealment of a firearm and nothing more. The dissent raises the matter of transport briefly, but only in the context of transporting *concealed* weapons. *Id.* at 54 (Daughtrey, J., dissenting) ("[A] prohibition against *transporting* or possessing *concealed* weapons is the sort of limitation that Congress must have intended in adding the 'unless clause' to § 921(a)(20).") (first emphasis added). Our holding does not add "concealment" as a fifth element of the "unless clause" because Sanford's inability to obtain the concealed weapons permit burdens his ability to *transport* firearms, even when unconcealed in a vehicle. Applying the *Caron* analysis to the "transport" prong of § 921(a)(33), we hold that Sanford's ineligibility for a concealed weapons permit triggers the "unless clause" and permits his indictment for firearm possession in violation of § 922(g)(9).

III.

For the reasons stated above, we AFFIRM the district court's denial of Sanford's motion to dismiss his indictment.