NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0871n.06

No. 12-6448

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 07, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| ANDRE BARNES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KEITH and SUTTON, Circuit Judges; BLACK, District Judge.[*]

PER CURIAM. Andre Barnes appeals his 180-month mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm.

Barnes pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that a sentence of 180 months of imprisonment, the ACCA's mandatory minimum sentence, was the appropriate sentence if Barnes was determined to be an armed career criminal, as the parties believed him to be. The presentence report classified Barnes as an armed career criminal based on three prior convictions subjecting him to an enhanced sentence under the ACCA: two convictions for intentionally evading arrest in an automobile and one conviction for aggravated robbery. Prior to sentencing, Barnes

---

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

objected to his classification as an armed career criminal, asserting that his two prior convictions for

Class E felony evading arrest under Tennessee law, Tenn. Code Ann. § 39-16-603(b)(1), (3), do not

constitute violent felonies under the ACCA based on the Supreme Court's remand of *United States*

*v. Rogers*, 594 F.3d 517 (6th Cir. 2010), *cert. granted, vacated, and remanded*, 131 S. Ct. 3018

(2011), for further consideration in light of *Sykes v. United States*, 131 S. Ct. 2267 (2011).

Following this court's decisions in *United States v. Doyle*, 678 F.3d 429 (6th Cir.), *cert. denied*, 133

S. Ct. 456 (2012), and *United States v. Rogers*, 481 F. App'x 250 (6th Cir.), *cert. denied*, 133 S. Ct.

456 (2012), the district court overruled Barnes's objection and sentenced him to the ACCA's

mandatory minimum sentence of 180 months of imprisonment.

In this timely appeal, Barnes argues that his two prior convictions for Class E felony evading

arrest under Tennessee law do not qualify as violent felonies under the ACCA. We review de novo

the district court's determination that a conviction constitutes a violent felony under the ACCA.

*United States v. Eubanks*, 617 F.3d 364, 366 (6th Cir. 2010). The ACCA provides that a defendant

convicted of possession of a firearm by a felon who has three prior convictions for a violent felony

or a serious drug offense is subject to a mandatory minimum sentence of fifteen years of

imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony," in part, as "any crime

punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or

extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential*

*risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). In determining

whether a conviction falls within the italicized residual clause, "we employ the categorical

approach," looking "only to the fact of conviction and the statutory definition of the prior offense."

*Sykes*, 131 S. Ct. at 2272 (quoting *James v. United States*, 550 U.S. 192, 202 (2007)).

Employing that categorical approach, this court has already held that Class E felony evading arrest under Tennessee law qualifies as a violent felony under the ACCA. *See Doyle*, 678 F.3d at 433; *see also Rogers*, 481 F. App'x at 251 (holding that Class E felony evading arrest is a crime of violence under the sentencing guidelines). Barnes acknowledges this holding and advocates for a change in circuit law, but we cannot overturn a decision of another panel. *See United States v. Lanier*, 201 F.3d 842, 846 (6th Cir. 2000); *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996).

Accordingly, we affirm Barnes's sentence.